**Lonny A. PETERSON, Appellant,**

v.

**Robert J. SCHWERTLEY, Appellee.**

**No. 89–1289.**

Supreme Court of Iowa.

Sept. 19, 1990.

Michael G. Reilly of Perkins, Sacks, Hannan, Reilly & Petersen, Council Bluffs, for appellant.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Plaintiff, Lonny D. Peterson, injured while trespassing on property owned by defendant, Robert J. Schwertley, appeals from an order granting summary judgment for the defendant. He contends that the district court erred in its application of the recreational use immunity created under Iowa Code sections 111C.3 and .4 (1989). After considering the arguments of the parties, we affirm the judgment of the district court.

The defendant, Robert J. Schwertley, owns rural property which is adjacent to a small lake or pond created by a watershed dam. A tree on his property grew out at an angle over the pond, and a large branch of the tree extended out over the water. This particular area was used for swimming and people would from time to time tie a rope to the overhanging branch for the purpose of swinging out over the water. The tree was "notched" and had

pieces of wood nailed to it to make steps enabling a person to climb up into the tree.

The present action arises from an accident which occurred at this area on June 13, 1987, sometime after 2 a.m. Plaintiff, age 23, and some of his friends were on defendant's property at this time without permission and were swimming in the area of the notched tree. The accident occurred when plaintiff was standing on the bank between the tree and the water and was about to reach for the rope being swung back by a friend standing in the water. As plaintiff was reaching for the rope, he lost his balance and decided to jump. He pushed off from the bank and entered the water in a diving fashion with his hands over his head. Upon entering the water, plaintiff hit his head on an unidentified object. As a result of this impact, plaintiff has been seriously paralyzed in his legs, fingers and hands.

The record reflects that defendant had knowledge that persons had, without permission, utilized his property for swimming on past occasions. To discourage this practice, defendant had at times removed the steps and the rope attached to the tree. Apparently, these were later replaced without his permission. He also posted signs indicating "private property—no trespassing." Such signs were present at the time of plaintiff's injury.

Plaintiff's action alleges that, because defendant was aware that his property was sometimes used as a swimming hole, defendant had a duty to make the premises safe for plaintiff and others who used it for this purpose. It is further alleged that defendant also had a duty to warn of any conditions on the premises that may involve a risk to recreational users. Defendant filed a motion for summary judgment on the basis that any duty owed to plaintiff was abrogated under the provisions of Iowa Code sections 111C.3 and .4.

The district court sustained defendant's motion. In arguing whether that ruling was correct, sections 111C.3 and .4 are both discussed by the parties. These statutes provide as follows:

**111C.3  Liability of owner limited.**

Except as specifically recognized by or provided in section 111C.6 [pertaining to willful acts or injuries to paying guests], an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

**111C.4  Users not invitees or licensees.**

Except as specifically recognized by or provided in section 111C.6 [pertaining to willful acts or injuries to paying guests], a holder of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

1. Extend any assurance that the premises are safe for any purpose.

2. Confer upon such person the legal status of an invitee or licensee to whom the duty of care is owed.

3. Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons.

■ The language of these statutes is based on a model act drafted by the Council of State Governments in 1965. *See Public Recreation on Private Lands: Limitations on Liability,* 24 Suggested State Legislation 150 (1965). Forty-five states have enacted these "recreational use" laws which limit the duties of landowners toward visitors who enter upon their land for recreational purposes. *See* J. Page, *Law of Premises Liability* § 5.18, at 115–16 (1988). *See also* Annotation, *Effect of Statute Limiting Landowner's Liability for Personal Injury to Recreational User,* 47 A.L.R.4th 262 (1986). The only previous case construing Iowa Code chapter 111C is *Hegg v. United States,* 817 F.2d 1328 (8th Cir.1987). That decision does not address the issues raised here.

Plaintiff contends that the district court misapplied the statutes which we have quoted. He notes that the evidence is undisputed that defendant did not give plaintiff permission to use his land and took

steps to discourage trespassers by removing the rope and steps and posting signs. He urges that the legislation upon which defendant bases his defense does not apply to persons who come on another's land for recreational purposes without permission from the owner.

In support of these arguments, plaintiff relies on the case of *Hughes v. Quarve & Anderson Co.*, 338 N.W.2d 422 (Minn. 1983). In the *Hughes* case, a sixteen-year-old boy was injured while diving into a quarry. The Minnesota court held that the recreational use statute in effect in that state had no application in situations where the property owners had not offered the use of their land to the injured party for recreational purposes. *Id.* at 429. Defendant seeks to distinguish the *Hughes* case on the basis that the Minnesota recreational use statute is substantially different from the Iowa statute. The Minnesota statute, Minn.Stat. §§ 87.01–.03 (1982), expressly precludes any limitation on the liability of a landowner for conduct which would allow a trespasser to maintain an action for damages. Moreover, the Minnesota statute has no provision containing the language found in section 111C.3.

■ Words in a statute should be given their commonly understood meaning unless it is clear from a reading of the statute that a different meaning was intended or unless such a construction would defeat the manifest intent of the legislation. *Casteel v. Iowa Dep't of Transp.*, 395 N.W.2d 896, 898 (Iowa 1986); *Smith v. City of Fort Dodge*, 160 N.W.2d 492, 497 (Iowa 1968); *see* Iowa Code § 4.1(2) (1989). In reading these statutes, we are convinced that there is no "permissive use" qualification attached to the broad abrogation of duty contained in section 111C.3. That statute simply refers to recreational use by "others." We believe the word "others" embraces all persons other than the landowner who makes such use of the property. Because the grant of permission is not made a *sine qua non* for the abrogation of duty provided in section 111C.3, we need not consider whether a different result would be mandated if section 111C.4 pro-

vided the sole basis for the trial court's ruling.

■ Plaintiff also relies on *Gibson v. Keith*, 492 A.2d 241 (Del.1985), which applied a statute which was identical to our section 111C.3 and held that permissive use was a prerequisite to its application. We believe that this opinion fails to attribute that meaning to the Delaware counterpart of section 111C.3 which the language of the legislation clearly conveys. We recognize that in interpreting statutes a court must look to the object to be accomplished and interpret the statute so that it will best effect rather than defeat the legislative purpose. *Iowa Fed'n of Labor v. Iowa Dep't of Job Serv.*, 427 N.W.2d 443, 445 (Iowa 1988); *Ayers v. Straight*, 422 N.W.2d 643, 645 (Iowa 1988). We disagree, however, with the suggestion that the intention of this legislation is better served by limiting the abrogation of landowner liability provided in section 111C.3 to actions brought by permissive users.

We do not disagree with the contention that the purpose of this legislation was to encourage property owners to make lands suited for recreational uses available for that purpose. We believe, however, that a blanket abrogation of duty to all recreational users (except as provided in section 111C.6) will more readily promote that objective than will an abrogation of duty limited to recreational use by licensees and invitees. If the abrogation of the landowner's duty is so limited, landowners remain vulnerable to claims by injured invitees and licensees who choose to dispute the granting of the license or invitation. Absent an express agreement governing the right of user, this will often pit the landowner's word against the land user's word. The uncertainty of the protection afforded a landowner under that scenario is less likely to encourage landowners to permit recreational use by others than would the broader abrogation of duty suggested by the language of section 111C.3. Some support for this conclusion is found in the following cases from other jurisdictions. *Harlan v. Frazier*, 635 F.Supp. 718 (W.D.La.1986), *aff'd*, 811 F.2d 601 (5th Cir.

1987); *Barrett v. Pennsylvania Gas & Water Co.*, 631 F.Supp. 731 (M.D.Pa.1985); *Johnson v. Stryker Corp.*, 70 Ill.App.3d 717, 26 Ill.Dec. 931, 388 N.E.2d 932 (1979); *Hardy v. Gullo*, 118 A.D.2d 541, 499 N.Y. S.2d 159 (1986); *Gallo v. Yamaha Motor Corp.*, 363 Pa.Super. 308, 526 A.2d 359 (1987), *alloc. denied*, 517 Pa. 623, 538 A.2d 876 (1988).

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.