**Vicki SCOTT, Appellee,**

v.

**Marcus WRIGHT and Darlene Wright d/b/a Wright Orchards, Appellants.**

**No. 91–588.**

Supreme Court of Iowa.

June 17, 1992.

---

Michael R. Mundt of Franck, Mundt & Franck, Denison, and James R. Villone of Klass, Hanks, Stoos, Stoik & Villone, Sioux City, for appellants.

Scott H. Peters of The Peters Law Firm, P.C., Council Bluffs, and Dan Dolan, Omaha, Neb., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

This case concerns the scope of Iowa's recreational land use statute, Iowa Code ch. 111C (1989), and our motor vehicle owner's liability statute, Iowa Code § 321.493.

The facts are not disputed. Plaintiff Vicki Scott attended a birthday party for her friend, Jane Meek, daughter of defendants Marcus and Darlene Wright. The party was held at Wrights' farm. As part of the festivities, Wrights' son-in-law, Ken Meek, took the celebrants on a hayrack ride through Wrights' apple orchard. The tractor used to pull the hay wagon was owned by Wrights and driven by Meek with their consent.

Shortly after the ride began, Meek lost control of the tractor on a wet, grassy slope. Scott fell off the hay wagon and suffered serious injuries when she became pinned beneath it. She sued the Wrights on a theory of vicarious liability for Meek's negligent operation of the tractor.

Prior to trial, Wrights moved for summary judgment. They theorized that Iowa Code section 111C.3 immunizes them from any liability for recreational activities on land used for agricultural purposes. The court denied the motion, reasoning that chapter 111C limits premises liability, not motor vehicle liability.

The case proceeded to trial. A jury returned special verdicts finding plaintiff sustained damages totaling $138,025.94. It assessed the comparative fault of Vicki Scott and Ken Meek at forty-five percent and fifty-five percent, respectively. The district court entered judgment against the Wrights based on Meek's negligence. In doing so, it rejected defendants' argument that Iowa's motor vehicle owner consent statute, § 321.493, does not apply to off-road accidents.

From the court's denial of Wrights' motion for judgment notwithstanding the verdict, they now appeal. Our review is for the correction of errors at law. Finding no error, we affirm.

I. Wrights' first claim is that the court erred by not applying Iowa Code section

111C.3 to summarily relieve them of any liability. The statute provides:

> [A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Iowa Code § 111C.3. For the sake of argument, Scott concedes that a hayride is a recreational activity. *See* Iowa Code § 111C.2(3) (defining recreational purpose to include "pleasure driving"). But she resists the applicability of the statute under the present circumstances because her claim rests on vehicular negligence, not premises liability.

We recently observed that the purpose of chapter 111C is to encourage property owners to make suitable lands available for recreational use. *Peterson v. Schwertley*, 460 N.W.2d 469, 471 (Iowa 1990). To promote that objective, we interpreted the statute as intending a "blanket abrogation of duty to all recreational users." *Id.* Seizing on this language, Wrights argue that *Peterson* compels reversal of the district court's ruling.

■ The "blanket abrogation of duty" announced in *Peterson*, however, arose in the context of a clear case of premises liability. Plaintiff Peterson had struck his head and suffered partial paralysis after diving into a farm pond at two o'clock in the morning. He alleged defendant Schwertley had the duty to make the premises safe or warn of risks to recreational users. *Id.* at 470. Applying section 111C.3, the district court found such duties statutorily abrogated. The question on appeal was whether the statute applies to trespassers as well as invitees. *Id.* at 471. We held that it does. *Id.*

By contrast, Scott's suit against Wrights rests—not on duties addressed by section 111C.3—but on vicarious liability for alleged negligence in the operation of a motor vehicle. We are convinced, as was the district court, that this intervening act of negligence takes the case outside the purview of chapter 111C.

■ By its terms, section 111C.3 immunizes landowners from only two specific duties of care toward persons using agricultural property for recreational purposes: to keep the premises safe and to warn of dangerous conditions. Nothing in the language of chapter 111C suggests a legislative intent to immunize *all* negligent acts of landowners, their agents, or employees. Nor do we believe such broad application of the statute would serve the public purpose envisioned by the legislature. Though focused on reducing landowner liability, the statute was also enacted to serve "a growing need for additional recreation areas for use by our citizenry." Explanation to H.F. 151 at 3, 62nd G.A. (Iowa 1967). The public's incentive to enter and enjoy private agricultural land would be greatly diminished if users were subject, without recourse, to human error as well as natural hazards.

Because the language of chapter 111C is couched in terms of premises liability, and the legislative history of the statute evinces no other motive for its passage, we are convinced the court correctly refused to apply it in this case. The assignment of error is without merit.

■ II. Defendants claim alternatively that if chapter 111C does not give them the immunity they seek, then surely Iowa Code section 321.493 does. Commonly known as the "owner consent" statute, the law reads:

> In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

Iowa Code § 321.493. For purposes of this statute, a motor vehicle includes a farm tractor like the one driven by Meek. *See* Iowa Code §§ 321.1(7), 321.1(2)(a).

Although Wrights concede the issue of consent, they contend that the reach of section 321.493 is limited by section 321.228. With exceptions not pertinent here, that section states that "[t]he provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways." Iowa Code

§ 321.228. Because Scott's damages stem from a vehicular accident on private property, Wrights argue the ownership liability provisions of section 321.493 do not apply.

Wrights' argument draws some support from language we used in *Shaw v. Soo Line Railroad Co.,* 463 N.W.2d 51 (Iowa 1990). *Shaw* was a wrongful death action brought by the estates of two automobile passengers who died in a collision with a train. The estates argued that the driver's vision had been obscured by two semi-trailers located on private property and parked perpendicularly to the railroad tracks. Because Iowa Code section 321.358(8) prohibits parking vehicles within fifty feet of a railroad crossing, the estate claimed the trucking company breached its statutory duty of care as a matter of law. *Id.* at 53.

We held in *Shaw* that the trucking company breached no statutory duty because "chapter [321] applies only to the operation of motor vehicles upon Iowa highways." *Id.* at 54. Relying on this sweeping pronouncement, Wrights assert that the owner liability statute, which is also part of chapter 321, must be similarly limited in its application.

Our holding in *Shaw,* though broadly stated, must be considered in context. The statute at issue in *Shaw,* Iowa Code § 321.-358(8), was a traffic control statute. *See* Iowa Code § 321.358(8) ("No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic. . . ."). Hence, section 321.228's reference to provisions "relating to the operation of vehicles" logically brought section 321.358(8) within its scope.

By contrast, the owner consent statute at issue here is primarily a financial responsibility law. *Lanz v. Pearson,* 475 N.W.2d 601, 606 (Iowa 1991). Its purpose is to protect third parties from the careless operation of motor vehicles by making owners responsible for the negligence of operators to whom they entrust their vehicles. *Briner v. Hyslop,* 337 N.W.2d 858, 870 (Iowa 1983). The statute was enacted over seventy years ago upon the recognition that "an automobile is a dangerous instrumentality." *Moritz v. Maack,* 437 N.W.2d 898,

900 (Iowa 1989) (quoting *Seleine v. Wisner,* 200 Iowa 1389, 1391, 206 N.W. 130, 131 (1925)).

It is the general rule that, in the absence of limiting language, owner liability statutes apply to the negligent operation of motor vehicles on private property. 7A Am.Jur.2d *Automobiles and Highway Traffic* § 671, at 902 (1980). No such limitation is found in section 321.493. By its terms, the statute applies in "*all* cases where damage is done by *any* motor vehicle." Iowa Code § 321.493 (emphasis added). This expansive language, combined with the statute's well-established purpose, overcomes Wrights' suggestion that section 321.228 makes it applicable to accidents on public highways alone.

We are convinced that section 321.228 simply has no bearing on this case. We affirm the district court's judgment accordingly.

AFFIRMED.