**Marion SCHAFER and Robert L. Schafer, Appellants,**

v.

**Jerry D. COCKLIN, Appellee.**

No. 93–14.

Supreme Court of Iowa.

Aug. 25, 1993.

Roger A. Huddle of Conway & Huddle, Wapello, for appellants.

Steven A. Sents of Newell & Sents Law Offices, Columbus Junction, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal involves the question of whether a condemner, acting pursuant to Iowa Code section 471.4(2) (1991), is required to fence a public way through a condemnee's unfenced land. In an equity action, plaintiffs Marion and Robert Schafer sought judgment from the district court requiring defendant Jerry Cocklin to fence both sides of a public way through plaintiffs' property. After a trial on stipulated

facts, the district court denied plaintiffs' petition. We affirm.

In 1991, defendant condemned and paid damages for a right of way through the north thirty feet of plaintiffs' unfenced land pursuant to section 471.4(2), which confers the right to take private property for public use to "owners of land without a way to the land." During and following the condemnation proceedings, plaintiffs requested defendant to fence both sides of the condemned right of way. When defendant failed to respond to their demand to fence the right of way, plaintiffs commenced this action.

Plaintiffs argue that section 471.4(2) requires that defendant fence both sides of a public way upon their request. Section 471.4(2) in part provides:

> When passing through enclosed lands, the public way shall be fenced on both sides by the condemner upon the request of the owner of the condemned property.

Defendant argues that the statute requires a condemner to fence both sides of a public way only when it passes through "enclosed lands." Plaintiffs' land is not fenced; therefore, defendant urges the statutory requirement does not bind him.

The dispute revolves around the definition of "enclosed lands."[1] Plaintiffs argue in their brief that "enclosed lands" means lands "to which no public rights or obligations previously existed." Defendant contends that "enclosed lands" means lands "inclosed and surrounded by fences or artificial or natural means signifying boundaries protecting the land."

█ We agree with defendant's definition of the term "enclosed lands." Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with a meaning commonly attributed to them. *Peterson v. Schwertley*, 460 N.W.2d 469, 471 (Iowa 1990). *Black's Law Dictionary* 687 (5th ed. 1979) defines "inclosed lands" as "[l]ands which are actually inclosed and surrounded with fences."

In construing statutes, "we look to the object to be accomplished" and the purpose of the statute. *Peterson*, 460 N.W.2d at 471. In requiring fencing of a right of way through enclosed lands, the legislature recognized that farmers with livestock might wish to have their animals protected from traffic on the right of way or from gates being left open. If their own land was unfenced, the condemnees would not have such problems. To require fencing of unfenced land would be in the nature of a penalty, rather than a necessity.

█ Because we believe "enclosed lands" means lands surrounded by fences or other obstructions signifying boundaries protecting the land, we hold that a condemner is not required under section 471.-4(2) to fence both sides of a public way through a condemnee's land unless the condemnee's land was "enclosed." Because plaintiffs' land was not enclosed, defendant is not required to fence it.

In summary, we find that the district court's ruling dismissing plaintiffs' petition was proper.

**AFFIRMED.**

---

1. *Webster's New Collegiate Dictionary* 576 (1973) defines "inclose" as a variant of "enclose."