**Stephanie YOUNG, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION, a municipal corporation, and Thomas W. Maudlin, Defendants and Appellees.**

No. 920579.

Supreme Court of Utah.

June 10, 1994.

George S. Diumenti, James C. Lewis, G. Eric Nielson, Bountiful, and Robert Hart, Salt Lake City, for plaintiff.

Roger F. Cutler, Randall Edwards, and Steven W. Allred, Salt Lake City, for defendants.

DURHAM, Justice:

Plaintiff Stephanie Young appeals a district court order dismissing her negligence action and granting summary judgment in favor of defendants Salt Lake City Corporation (the "City") and Thomas Maudlin, a City employee. We reverse.

The following facts are undisputed. The accident giving rise to this lawsuit occurred on City Creek Canyon Road, a narrow roadway running up City Creek Canyon. Although not a public thoroughfare, the City owns the road and regulates its use by City ordinance. This ordinance provides that public vehicles may use the road only on "even-numbered" days during the summer months.[1] "Odd-numbered" days are reserved for pedestrians and bicyclists. The road is open at all times to City maintenance and emergency vehicles. Access to the road is controlled by a gate. On the date of the accident, the road was closed to public vehicles. The accident occurred when Young, who was bicycling down the road, collided with a City maintenance vehicle driven by Maudlin.

Young filed a complaint alleging that Maudlin, knowing that the road was open only to pedestrian and bicycle traffic, negligently drove up the road and collided with Young. The City moved for summary judgment based on the Limitation of Landowner Liability—Public Recreation Act. *See* Utah Code Ann. §§ 57–14–1 to –7 (the "Act"). The Act limits the liability of public and private landowners who make their property available for public recreational use.

The district court granted the City's motion. Relying on the Act, the court ruled that the City and Maudlin owed Young no duty of care (i) to keep City Creek Canyon safe for Young's entry or use for bicycling or any other recreational purpose, or (ii) to give Young any warning of a dangerous condition, use, structure, or activity in the canyon, including the operation of City maintenance vehicles. The court also found that the City was not obligated to curtail its use of the canyon during Young's recreational use and that the operation of the maintenance vehicle was a necessary and reasonable "use" within the meaning of section 57–14–4(4). Young appeals.

■ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). In determining whether the trial court properly granted summary judgment, we give no deference to the trial court's legal conclusions but review them for correctness. *Mountain States Tel. & Tel.*

---

**1.** According to the ordinance, summer runs from Memorial Day through September 30. The road also is open for a short period during the October deer hunting season.

*Co. v. Garfield County*, 811 P.2d 184, 192 (Utah 1991).

■ Young concedes that she was a non-paying recreational user of the canyon and that the canyon is a recreational area within the meaning of the Act. She argues, however, that the Act applies only to traditional premises liability, not to otherwise negligent conduct by the landowner on the property. The City, on the other hand, argues that the Act shields owners of recreational property from all forms of potential liability, including vehicular negligence.

Although this court and the court of appeals have addressed the Act in four previous cases, each case arose in the context of traditional premises liability. *See Jerz v. Salt Lake County*, 822 P.2d 770, 771 (Utah 1991) (complaint alleged that defendant failed to maintain roadway); *Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990) (complaint alleged that defendant failed to maintain irrigation canal and to warn of its existence); *Crawford v. Tilley*, 780 P.2d 1248, 1249 (Utah 1989) (complaint alleged that defendant failed to warn plaintiff's decedent about faulty ventilation system in mountain cabin); *Loosli v. Kennecott Copper Corp.*, 849 P.2d 624, 625–26 (Utah Ct.App.) (complaint alleged that defendant failed to warn users of debris on premises or to guard against accident resulting from its presence), *cert. denied*, 860 P.2d 943 (Utah 1993). Neither court has considered whether the Act provides immunity for landowners who negligently operate motor vehicles on their land. For the reasons set forth below, we conclude that it does not.[2]

The Act is intended "to encourage public and private owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for those purposes." Utah Code Ann. § 57–14–1. The Act accomplishes this by providing that "an owner of land owes no duty of care to keep the premises safe for entry or use by any person using the premises for any recreational purpose, or to give any warning of a dangerous condition, use, structure, or activity on those premises to those persons." *Id.* § 57–14–3.

■ The Act's plain language relieves landowners of two specific duties of care toward recreational users: (i) to keep their premises safe, and (ii) to warn of dangerous conditions. *See id.* The operative language of the Act does not purport to relieve landowners of their separate duty to conduct themselves in a reasonably safe manner while on the premises. Adhering to the general rule that the terms of a statute should be interpreted in accord with their usual and accepted meanings, *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1045 (Utah 1991); *Utah County v. Orem City*, 699 P.2d 707, 708 (Utah 1985), we conclude that the Act does not apply to active vehicular negligence.

Our conclusion is consistent with what appears to be the only reported decision on this issue. In *Scott v. Wright*, 486 N.W.2d 40 (Iowa 1992), the Iowa Supreme Court held that a recreational use statute did not apply where negligent operation of a tractor caused the plaintiff's injury. *Id.* at 42. In *Scott*, the plaintiff was injured while attending a party at the defendants' farm. During the party, the defendants' son-in-law took the celebrants on a hayrack ride through the defendants' apple orchard. *Id.* at 41. Shortly after the ride began, the son-in-law lost control of the tractor on a wet grassy slope. Plaintiff fell off the hay wagon and was seriously injured. She sued the defendants on a theory of vicarious liability for the son-in-law's negligent operation of the tractor. *Id.*

The Iowa court previously had interpreted Iowa's statute, which is virtually identical to Utah's,[3] "as intending a 'blanket abrogation of duty to all recreational users.'" *Scott*, 486 N.W.2d at 42 (quoting *Peterson v. Schwertley*, 460 N.W.2d 469, 471 (Iowa 1990)). The court noted, however, that its earlier decision

2. In light of this conclusion, we do not consider Young's argument that the district court's application of the Act violates article I, section 24 of the Utah Constitution.

3. The Iowa statute provides, "[A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." Iowa Code Ann. § 111C.3 (West 1984).

involved a plaintiff who was paralyzed after diving into a pond and therefore was "a clear case of premises liability." *Id.* The *Scott* case, by contrast, rested not on duties to keep the premises safe or to warn of dangerous conditions on the land, but on vicarious liability for negligent operation of a motor vehicle. *Id.* The court held that the driver's intervening act of negligence took the case outside the purview of Iowa's recreational use statute. It stated:

> Nothing in the language of [the statute] suggests a legislative intent to immunize *all* negligent acts of landowners, their agents, or employees. Nor do we believe such broad application of the statute would serve the public purpose envisioned by the legislature. Though focused on reducing landowner liability, the statute was also enacted to serve "a growing need for additional recreation areas for use by our citizenry." The public's incentive to enter and enjoy private agricultural land would be greatly diminished if users were subject, without recourse, to human error as well as natural hazards.

*Id.* (citations omitted).

In this case, as in *Scott,* Young does not claim that the City failed to keep City Creek Canyon safe or failed to warn her of a dangerous condition, use, structure, or activity in the canyon. Instead, she claims that a City employee's negligent operation of a City maintenance vehicle caused her injury. Young, like the plaintiff in *Scott,* was engaging in recreational use of the land. The City had no duty to keep the road safe for her use or to warn her of its use of the land, that is, the possibility that she would encounter a maintenance vehicle on the road. *See* Utah Code Ann. § 57–14–3. In addition, the Act makes clear that the City was entitled to use the canyon at the same time Young was using it for recreational purposes. *See id.* § 57–14–4. Nonetheless, the Act does not relieve the City and its employees of their separate and distinct duty to operate maintenance vehicles in a nonnegligent manner, just as the defendant in *Scott* had a duty to operate the tractor nonnegligently.

The City argues that because the Act permits owners to use their land while it is also being used for recreational purposes, it should be interpreted as extending immunity to any claim arising from such use. It contends that *Scott* is inapposite because of the unique language of section 57–14–4, which allows a landowner to use the property while simultaneously opening it for recreational purposes. *See* Utah Code Ann. § 57–14–4 ("[A landowner] who either directly or indirectly invites or permits without charge any person to use the land for recreational purposes does not thereby ... owe any duty *to curtail his use* of his land during its use for recreational purposes." (emphasis added)). This provision, however, simply makes explicit what is implicit in the Iowa statute: Landowners who open their property to recreational users do not thereby surrender their right to use the property. Were this not the case, few landowners would make their property available. This provision says nothing, however, about immunity. The City's reliance on section 57–14–3 is similarly misplaced. Section 57–14–3 provides that "an owner of land owes no duty ... to give any warning of a dangerous condition, *use, structure,* or *activity* on [the] premises." (Emphasis added.) This provision also confirms that landowners may continue to use their property and, in addition, that they have no duty to warn recreational users of such uses or activities. While both sections further the goal of "encourag[ing] public and private owners of land to make land and water areas available to the public for recreational purposes," Utah Code Ann. § 57–14–1, they cannot be read as plenary grants of immunity.

Because the Act applies to premises liability and not to liability for alleged negligent operation of vehicles, summary judgment was inappropriate. We therefore reverse the district court's ruling and remand for further proceedings.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE, J., and GREGORY K. ORME, Court of Appeals Judge, concur.

GREGORY K. ORME, Court of Appeals Judge, sat to fill the vacancy on the court.