[No. G020040. Fourth Dist., Div. Three. Apr. 16, 1997.]

KARA HITCHCOCK, Plaintiff and Appellant, v.
MERCURY INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Kenneth W. Thompson for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs, John V. Hager and Joy L. Lim for Defendant and Respondent.

## OPINION

SONENSHINE, J.—Kara Hitchcock appeals from an adverse judgment filed in favor of Mercury Insurance Company in her breach of contract action. She contends the court erred in granting Mercury's motion for summary judgment. (Code Civ. Proc., § 437c.) Affirmed.

I

Kara Hitchcock and her fiancé Jason Apodaca were registered owners of a 1983 Mercedes 190E. In August 1993, Hitchcock secured insurance from Mercury and the following month was involved in an automobile accident. Apodaca, a passenger at the time of accident, was injured. Mercury paid $3,617 for his medical bills.

Unsatisfied, Apodaca filed a personal injury action against Hitchcock. Mercury refused to defend or indemnify Hitchcock, based on policy provisions specifically excluding coverage for bodily injury claims brought by an "insured," defined as all persons "legally responsible" for the car. Hitchcock responded by filing the underlying complaint against Mercury for breach of contract, breach of the implied covenant of good faith and fair dealing and for declaratory relief.

The court granted Mercury's motion for summary judgment, finding, "Apodaca was an insured under the Mercury policy at the time of the . . . accident by virtue of the undisputed fact that he was a registered owner of, and thereby a person legally responsible for the use of, the vehicle . . . Hitchcock was driving at the time of the accident. [Because] [t]he Mercury policy clearly excludes from coverage the bodily injury claims of an insured . . . there can be no indemnification or defense for . . . Hitchcock against the bodily injury claims of . . . Apodaca arising out of the automobile accident." Judgment was entered accordingly.

## II

■ The parties do not dispute Mercury's right to exclude "insureds" from bodily injury coverage. (See Ins. Code, § 11580.1, subd. (c)(5).) Nor do they disagree Mercury was statutorily mandated to define "persons insured" in its policy as, inter alia, "any other person using, or *legally responsible* for the use of, [an owned or non-owned] motor vehicle, provided such use is by the named insured or with his or her permission, express or implied, and within the scope of such permission . . . ." (Ins. Code, § 11580.1, former subd. (b)(4), italics added.)[1] The sole issue presented is the definition of persons "legally responsible" within the context of Insurance Code section 11580.1, former subdivision (b)(4).

The trial court agreed with Mercury's argument Vehicle Code section 17150 is controlling.[2] That section provides, *"Every owner* of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, . . . by any person using or operating the same with the permission, express or implied, of the owner." (Italics added.) In other words, a vehicle owner who knowingly lends his or her car to another

---

[1]Insurance Code section 11580.1, former subdivision (b)(4) requires automobile liability policies to cover all persons responsible for the use of the vehicle. Thus, it mandates companies include in their policies a "[p]rovision affording insurance to the named insured . . . and . . . any other person using, or legally responsible for the use of [the insured] motor vehicle, provided such use is by the named insured or with his or her permission." Mercury incorporated this statutory language within its policy when defining "persons insured."

[2]All further statutory references are to the Vehicle Code unless otherwise indicated.

person, is legally responsible for damages occurring during its use. It is undisputed Apodaca is a registered owner of the Mercedes, and Hitchcock was driving the car with his permission at the time of the accident. Apodaca is therefore deemed "legally responsible" and falls within the definition of an "insured."

Hitchcock contends the Legislature enacted section 17150 to *protect* innocent injured third parties. She maintains a strict interpretation of the section to aid insurance companies "is a perversion" of legislative intent because "by no stretch of the imagination could Mercury . . . be considered the type of innocent party that was intended to be protected by section 17150." She fails, however, to suggest any alternative means of defining "legally responsible," nor does she offer any authority, and we have found none, holding this is an improper interpretation of section 17150.[3] Indeed, insurance carriers are not precluded from relying on existing law in interpreting statutorily imposed definitions.[4] (See *Schmidt* v. *Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 27 [17 Cal.Rptr.2d 340] [must assume Legislature has existing law in mind when enacting a new statute].)

The judgment is affirmed. Mercury shall recover its costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

---

[3]As respondent points out, the authorities upon which Hitchcock relies are patently inapt. In *Mason* v. *Russell* (1958) 158 Cal.App.2d 391 [322 P.2d 486] and *Hertz Corp.* v. *Pippin* (1974) 38 Cal.App.3d 796 [113 Cal.Rptr. 698] the issue of whether section 17150 can be used to define "legally responsible" in the Insurance Code was not raised. *Ledgerwood* v. *Ledgerwood* (1931) 114 Cal.App. 538 [300 P. 144] does not even mention section 17150.

[4]Shortly after the accident, the Legislature amended Insurance Code section 11580.1, subdivision (b)(4). It deleted the phrase "legally responsible" from the definition of "persons insured." Hitchcock argues this should be viewed as a statement of public policy which can be applied retroactively. But " 'legislative enactments are generally presumed to operate *prospectively* and not retroactively unless the Legislature expresses a different intention.' [Citations.]" (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1208 [246 Cal.Rptr. 629, 753 P.2d 585], italics added.) Nothing in the amended Insurance Code section 11580.1, subdivision (b)(4) indicates the statue is to apply retroactively. To the contrary, for the past 25 years the Legislature has mandated insurance companies include the phrase "legally responsible" when defining those insured under an automobile liability insurance contract. There is no sound reason to now retroactively deem unenforceable as against public policy the millions of contracts with such provisions.