[No. B126426. Second Dist., Div. Six. Feb. 7, 2000.]

TRENT SHIPMAN, Plaintiff and Appellant, v.
BOETHING TREELAND FARMS, INC., et al., Defendants,
Cross-complainants and Respondents;
ROBERTO TAMAYO MARTINEZ, Defendant, Cross-complainant and
Appellant.

**COUNSEL**

Sherman, Salkow, Petoyan & Weber, Arthur Sherman; and Jonathan K. Golden for Plaintiff and Appellant.

Liebman & Reiner, John Reiner and Joseph R. Zamora for Defendant, Cross-complainant and Appellant.

David M. Humiston; Rebecca R. Weinreich; and Douglas J. Collodel for Defendants, Cross-complainants and Respondents.

## OPINION

**GILBERT, P. J.**—Plaintiff, a trespasser, drives his all-terrain vehicle (ATV) on private property owned by defendants. His vehicle collides with one driven by defendants' employee. Plaintiff's cause of action against defendants alleges, among other things, negligent operation of a motor vehicle and premises liability.

Here we conclude that the immunity provisions of Civil Code section 846 apply to defendants.[1]

Trent Shipman, through his guardian ad litem, appeals from the summary judgment granted respondents Boething Treeland Farms, Inc., and the Boething Family Trust (Boething) and Boething's employee, Roberto Tamayo Martinez. Martinez filed a protective cross-appeal against Boething. We affirm.

## FACTS

When Shipman was 16 years old, he drove his ATV on the dirt road of Boething's tree farm to look at a pond. He was not invited onto the property, he did not pay to enter the property and his use was recreational.

Early in the day, Martinez suffered an injury to his eye while working as a waterer for Boething. Around midday, Martinez obtained permission to retrieve his belongings and to leave work early. While driving on the Boething property to retrieve his belongings, Martinez's station wagon struck Shipman's ATV at an intersection obstructed by trees, injuring Shipman and his passenger, Jennifer Dunbar.[2]

Shipman sued Boething and Martinez for negligent operation of a motor vehicle and premises liability, among other defenses. Boething and Martinez answered and cross-complained against each other seeking declaratory relief,

---

[1] All statutory references are to the Civil Code unless otherwise stated.

[2] Dunbar is not a party to this appeal.

indemnity and contribution, among other things. Boething and Martinez filed motions for summary judgment asserting that section 846 provides immunity from suits seeking damages for injuries suffered during recreational use of private property.

The trial court granted the motions for summary judgment and found moot Martinez's motion for summary adjudication concerning whether he acted within the course and scope of work when the accident occurred.

Shipman appeals from the summary judgments. As a protective measure, Martinez cross-appeals from the summary judgment granted Boething and from the finding that his motion for summary adjudication against Boething is moot.

## DISCUSSION

### Shipman's Appeal

### Section 846 and Driving

■ We independently review motions for summary judgment to determine whether there is a triable issue of material fact and whether the moving party is entitled to judgment as a matter of law. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766]; *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 486-487 [59 Cal.Rptr.2d 20, 926 P.2d 1114].) The material facts are undisputed here. The issue is whether Boething and Martinez are entitled to summary judgment under section 846 as a matter of law.

Section 846 provides, in pertinent part, "An owner of . . . real property . . . owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section. [¶] A 'recreational purpose,' as used in this section, includes such activities as . . . riding, including . . . snowmobiling, and all other types of vehicular riding, . . . sightseeing, . . . and viewing or enjoying . . . scenic, natural . . . sites."

■ Shipman opines that the protection afforded private landowners by section 846 is limited to dangers presented by the premises per se; that it does not extend to dangers presented by drivers of vehicles. We disagree.

■ The protection afforded landowners under section 846 "is extremely broad." (*Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1105 [17

Cal.Rptr.2d 594, 847 P.2d 560].) The Legislature has established only "two elements as a precondition to immunity: (1) the defendant must be the owner of an 'estate . . . in real property . . .'; and (2) the plaintiff's injury must result from the 'entry or use [of the "premises"] for any recreational purpose.' " (*Id.*, at p. 1100.) Thus, California courts focus on whether a plaintiff has taken "advantage of the recreational opportunities offered by the property." (*Id.*, at pp. 1100, 1102.)

In *Ornelas*, a minor was injured by a falling pipe while playing on old farm equipment on private land. Section 846 barred the minor's suit against the landowner. The court said, "the landowner's duty to the nonpaying, uninvited recreational user is, in essence, that owed a trespasser under the common law as it existed prior to *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; i.e., absent willful or malicious misconduct the landowner is immune from liability for ordinary negligence." (*Ornelas v. Randolph, supra,* 4 Cal.4th at p. 1100.)

In *Kirkpatrick v. Damianakes* (1936) 15 Cal.App.2d 446 [59 P.2d 556], a commercial trucker hit a car while backing up to a loading platform in a private alley. The trucker was a business invitee. (*Id.*, at p. 449.) The owner of the car "entered upon the property of another without right and without any express or implied invitation or permission. She was not in the performance of any duty to the owner or tenants nor was she upon any business with the owner or tenants. She was driving for her own purposes and her own convenience and was given no express or implied assurance of safety from anyone when entering upon said private alley." (*Ibid.*) As such, she " '. . . occupies the status of trespasser . . . .' " (*Ibid.*) "It is therefore clear that the only duty of the owner or tenant of the property was to abstain from willfully or wantonly injuring plaintiff." (*Ibid.*) The trucker "stood in the same position as the owner or tenants toward persons who were trespassers," such as the driver of the car. (*Ibid.*) *Kirkpatrick* held that it was error to instruct the jury that "the parties each owed to the other the duty of exercising ordinary care." (*Id.*, at p. 451.) The trucker owed no duty of due care to the injured car driver.

When an uninvited, nonpaying recreational user becomes injured on private land, section 846 bars recovery. (*Ornelas v. Randolph, supra,* 4 Cal.4th at p. 1100.) The definition of "recreational purpose" in section 846 is so extensive it includes nearly any leisure activity. " '[I]t obviously encompasses [activities on] improved streets.' " (*Id.*, at pp. 1101, 1105; accord, *Delta Farms Reclamation Dist. v. Superior Court* (1983) 33 Cal.3d 699, 706-707 [190 Cal.Rptr. 494, 660 P.2d 1168].) Indeed, section 846 expressly includes riding vehicles for the purpose of sightseeing on private land, as

here. Even though section 846 does not specifically mention ATV's, it is beyond purview that driving an ATV is a recreational activity within the meaning of section 846. (See *Ornelas, supra,* at pp. 1100-1101; and see generally *Valladares v. Stone* (1990) 218 Cal.App.3d 362, 368-369 [267 Cal.Rptr. 57].)

Accordingly, defendants did not owe Shipman the duty to use due care. (*Ornelas v. Randolph, supra,* 4 Cal.4th at p. 1100; *Kirkpatrick v. Damianakes, supra,* 15 Cal.App.2d at pp. 449, 451; and see generally *Hubbard v. Brown* (1990) 50 Cal.3d 189 [266 Cal.Rptr. 491, 785 P.2d 1183] [upheld summary judgment for the defendant landowner where plaintiff was injured riding his motorcycle into a barbed wire fence]; *Myers v. Atchison, Topeka & Santa Fe Railway Co.* (1990) 224 Cal.App.3d 752, 760-761, & 761, fn. 2 [274 Cal.Rptr. 122] [riding motorcycle into ditch near railroad tracks deemed recreational activity even though trains may pass; court expressly declined, however, to state whether § 846 would apply if motorcycle accident involved train]; *Parish v. Lloyd* (1978) 82 Cal.App.3d 785 [147 Cal.Rptr. 431] [upheld summary judgment granted defendant landowner where plaintiff was killed riding his motorcycle into a ravine].)

Shipman misplaces his reliance on inapposite cases of sister states. (*Scott v. Wright* (Iowa 1992) 486 N.W.2d 40; *Young v. Salt Lake City Corporation* (Utah 1994) 876 P.2d 376.) In *Scott,* the defendants invited a girl to attend a party on their private property. The girl became injured on a hayride when the defendants' son-in-law lost control of the tractor pulling the hay wagon. The girl sued the defendants on a theory of vicarious liability for the son-in-law's negligent operation of the tractor. The Iowa recreational immunity statute does not define recreational activities to include riding vehicles. (*Scott, supra,* at p. 42.) The Iowa Supreme Court held that its recreational immunity statute did not preclude the suit because "[t]he public's incentive to enter and enjoy private agricultural land would be greatly diminished . . . ." (*Ibid.*)

By contrast, section 846 expressly includes riding vehicles and our Supreme Court has explained that "[t]he public policy balance achieved by [section 846] is clear: landowners are broadly encouraged to allow access to their property; recreationists who take advantage of this access waive their right to sue for ordinary negligence." (*Ornelas v. Randolph, supra,* 4 Cal.4th at p. 1106.) The injured girl in *Scott,* unlike Shipman, was expressly invited to the property for a party. For this reason alone, section 846 would not have provided immunity in California to the *Scott* defendants.

In *Young,* the plaintiff collided with a city maintenance vehicle while riding his bicycle on a paved roadway owned and regulated by the city. A

city ordinance closed the road on certain days to most traffic, allowing its use only for pedestrians, bicyclists, city maintenance and emergency vehicles. The Utah Supreme Court held that its state recreational immunity statute "does not apply to active vehicular negligence." (*Young v. Salt Lake City Corporation, supra,* 876 P.2d at p. 378.) Like Iowa's recreational immunity statute, Utah's statute does not define recreational uses to include riding vehicles. (*Ibid.*; cf. *Widman v. Johnson* (1996) 81 Wn.App. 110 [912 P.2d 1095, 1098] [forest products company immune from suit by speeding plaintiff injured in accident between pickup trucks at intersection of its private logging road and the state highway pursuant to Washington's recreational immunity statute that also does not delineate recreational uses].)

Had the accident in *Young* occurred in California, section 846 would not apply. The city would have been accorded only the limited immunities provided by the California Tort Claims Act. (See Gov. Code, §§ 815 et seq., see especially 831.2 [limiting governmental immunity to injuries "caused by a natural condition of any unimproved public property"] and 831.4 [providing governmental immunity to public entities for injuries caused by unpaved roads furnishing access to recreational areas]; and see generally *Delta Farms Reclamation Dist. v. Superior Court, supra,* 33 Cal.3d at pp. 704-710, especially p. 708.)

 Neither *Scott* nor *Young* is on point here. Shipman was neither invited onto the property, nor was he riding a vehicle on a paved public roadway. Neither the Iowa nor the Utah recreational immunity statutes expressly include riding vehicles as does section 846 in California. Moreover, our Supreme Court has repeatedly explained that the immunity provided by section 846 broadly encompasses activities on improved, private streets. (See *Ornelas v. Randolph, supra,* 4 Cal.4th at pp. 1101, 1105; *Delta Farms Reclamation Dist. v. Superior Court, supra,* 33 Cal.3d at pp. 706-707.)

### Section 846 and the Vehicle Code

Shipman argues that Vehicle Code section 17150 should apply here.[3] We disagree. Vehicle Code section 17150 and Civil Code section 846 serve distinct purposes. The Legislature enacted Vehicle Code section 17150 as a financial responsibility provision "to protect innocent injured third parties" from losses that occur when a vehicle owner permissibly lends his or her car to another person. (*Hitchcock v. Mercury Ins. Co.* (1997) 54 Cal.App.4th 303,

---

[3]Vehicle Code section 17150 reads: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

305-306 [62 Cal.Rptr.2d 681].) It does not apply here because Martinez was driving his own vehicle at the time of the accident.

The Legislature enacted section 846 to encourage landowners to permit recreational use of their property, including the use of vehicles on paved roads, by precluding suits by uninvited, nonpaying recreationists for any injuries they incur due to ordinary negligence. (*Ornelas v. Randolph, supra,* 4 Cal.4th at p. 1106.) Shipman may not rely on the disparate, more general Vehicle Code statutes concerning owner consent and operator liability. (Cf. *Scott v. Wright, supra,* 486 N.W.2d at p. 43; *Young v. Salt Lake City Corporation, supra,* 876 P.2d at p. 379; and see *Ornelas, supra,* at p. 1105 [§ 846 broadly applies to private property including its improved streets]; Veh. Code, §§ 17150, 17152.)

Even assuming that Martinez was negligent, Shipman's suit is barred by section 846. "Negligence is insufficient to overcome Civil Code section 846 immunity." (*Bacon v. Southern Cal. Edison Co.* (1997) 53 Cal.App.4th 854, 859 [62 Cal.Rptr.2d 16].)

## Negligent Supervision

Shipman argues that his claim of negligent supervision survives the immunity provisions of section 846, citing the general rule that an employer may be liable to a third person for such negligence. (§ 2338; *Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967-968 [227 Cal.Rptr. 106, 719 P.2d 676]; *Tryer v. Ojai Valley School* (1992) 9 Cal.App.4th 1476, 1480 [12 Cal.Rptr.2d 114].)

Assuming that Boething negligently permitted Martinez to drive, Boething is immune from Shipman's suit because Shipman was engaged in recreational activity expressly covered by section 846 when he was injured. It would thwart the purpose of section 846 to permit suits invoking vicarious liability for the negligent acts of private landowners' employees where the landowner is absolved of liability under the statute. Because Boething is immune from liability here, Boething may not be held liable for the alleged negligent supervision of Martinez. (See generally *Adams Mfg. & Engineering Co. v. Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, 655-656 [7 Cal.Rptr. 761]; *Plott v. York* (1939) 33 Cal.App.2d 460, 463-464 [91 P.2d 924].)

## Martinez's Cross-appeal

### Re: Acting Within Course and Scope of Employment

Martinez filed his cross-appeal as a protective measure, in case we reached the issue whether he was acting within the course and scope of his employment at the time of the accident.

Because we uphold the summary judgment granted to Boething and Martinez under section 846, we do not reach the issue of employment. Boething is immune from Shipman's suit and no issue arises regarding contribution or indemnity.

The judgment is affirmed. Costs are awarded to respondents Boething Treeland Farms, Inc., the Boething Family Trust, and Roberto Tamayo Martinez.[4]

Coffee, J., and Abbe, J.,* concurred.

On March 2, 2000, the opinion was modified to read as printed above. The petition of appellant Trent Shipman for review by the Supreme Court was denied May 17, 2000. Kennard, J., was of the opinion that the petition should be granted.

---

[4]The opinion title is styled pursuant to the California Style Manual, which drops the designation "respondent" for parties who are both respondents and appellants in a given case due to the existence of a cross-appeal. (Cal. Style Manual (4th ed. 2000) § 6:3; Cal. Style Manual (3d ed. 1986) § 201 et seq.) Thus, while Martinez is listed as "appellant" in the main opinion title due to his cross-appeal, he is nevertheless also a prevailing respondent in the original appeal.

*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.