# IN THE COURT OF APPEALS OF IOWA

No. 25-0004
Filed October 29, 2025


**CASSANDRA BREITENSTEIN and DARIN BREITENSTEIN, Individually and as Next Friends of S.B., a minor,**
        Plaintiffs-Appellants,

**vs.**

**LARRY PETERSON and SUEANN PETERSON,**
        Defendants-Appellees,

**and**

**BRAD PETERSON and JENNIFER PETERSON,**
        Defendants.
_____


        Appeal from the Iowa District Court for Lee (North) County, Joshua P. Schier, Judge.


        The plaintiffs appeal an adverse summary-judgment ruling concerning Iowa's recreational-land-use statute.  **AFFIRMED.**


        Grant C. Gangestad (argued) of Gourley, Rehkemper & Lindholm PLC, West Des Moines, for appellants.

        Brent Ruther (argued) of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellees.


        Heard at oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Iowa's recreational-land-use statutes generally protect landowners from liability when they open private land to others for recreational use.  *See generally* Iowa Code ch. 461C (2020).  Here, we are asked to decide whether the recreational-land-use statutes protect Larry and Sueann Peterson, who owned land we assume was not open to the general public but nonetheless was where a family friend's daughter, S.B., operated and crashed an all-terrain vehicle (ATV), resulting in the injuries underlying this lawsuit.  Based on supreme court precedent and the current language of the relevant provisions, we find the recreational-land-use statutes protect the Petersons and affirm the district court.

The material facts are undisputed.  Larry and Sueann own land in Lee County that abuts land owned by their son and daughter-in-law, Brad and Jennifer Peterson.  In August 2020, Brad and Jennifer's daughter was friends with twelve-year-old S.B., and they were hanging out at Brad and Jennifer's home.  S.B. and Brad and Jennifer's daughter decided to ride an ATV across Larry and Sueann's land; Larry and Sueann were unaware of this and were not present at the time.[1]

While driving the ATV, S.B. lost control, crashed, and was injured.  S.B.'s parents (collectively the Breitensteins) filed suit on her behalf, making claims against Larry and Sueann (for the duty owed as owners of the land) and Brad and Jennifer (for negligent supervision).  Larry and Sueann moved for summary judgment, arguing that the recreational-land-use statutes shielded them from

---

[1] We note the district court found also found it undisputed "Jennifer had left the house to pick up pizza for the girls and they were unsupervised" while riding the ATV.  But because this appeal only concerns summary-judgment as to Larry and Sueann—not Brad and Jennifer—we set this potentially disputed fact aside.

liability. And Brad and Jennifer moved for summary judgment, arguing that S.B. had admitted fault and could not prove causation. The district court granted summary judgment in favor of Larry and Sueann based on Iowa Code chapter 461C—the recreational-land-use statutes—and denied summary judgment to Brad and Jennifer, leaving that claim for trial. S.B.'s parents filed a notice of appeal following the partial-summary-judgment ruling, and the supreme court transferred the case to us for resolution.

As a preliminary matter, we have concerns about jurisdiction and whether the ruling at issue was interlocutory. The ruling granted summary judgment to Larry and Sueann and dismissed the Breitensteins' claim under chapter 461C, but the claim for negligent supervision against Brad and Jennifer remained alive and set for trial. "Ordinarily a summary judgment that is not dispositive of the entire case is not a final judgment for purposes of appeal." *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984). For that reason, we conclude S.B.'s parents did not appeal from a final judgment and treat their appellate papers as an application for interlocutory appeal under Iowa Rule of Appellate Procedure 6.104. *See* Iowa R. App. P. 6.151 (allowing us to consider papers as if the proper form of review had been sought). In part because we discern no prejudice to either party in doing so, we grant interlocutory review.

Before addressing the district court ruling here, some windup is needed about the recreational-land-use statutes and their history. Chapter 461C was enacted "to encourage private holders of land to make land and water areas available to the public for a recreational purpose and for urban deer control by limiting a holder's liability toward persons entering onto the holder's property for

such purposes." Iowa Code § 461C.1. The statutes mandate that "[t]he provisions of this chapter shall be construed liberally and broadly in favor of private holders of land to accomplish the purposes of this chapter." *Id.* With exceptions not applicable here, the chapter provides that private landowners do not owe a duty of care to others who use their land for recreational purposes. *Id.* § 461C.3(1). "Recreational purpose" expressly includes operating ATVs. *Id.* § 461C.2.

In reexamining the recreational-land-use statute in 2013, our supreme court wrote a bit of a treatise about its underlying policy and history in *Sallee v. Stewart*, 827 N.W.2d 128, 133–50 (Iowa 2013), *superseded by statute*, 2013 Iowa Acts ch. 128. For our purposes, *Sallee* is most pertinent because the supreme court declined to overrule *Peterson v. Schwertley*, 460 N.W.2d 469, 470–72 (Iowa 1990). *Sallee*, 827 N.W.2d at 149. In *Peterson*, the court held under a previous version of the statute that recreational-land-use protections extended to nonpublic lands, such that a trespasser could not recover against a landowner if the trespasser was engaged in recreational use. 460 N.W.2d at 469–71. Looking back on *Peterson*, the *Sallee* court opined: "[L]imiting Iowa's recreational use statute to lands generally open to the public is inconsistent with *Peterson*." 827 N.W.2d at 149. And the court noted the importance of stare decisis to observe: "Because this case can be resolved on other grounds, it is unnecessary to confront the question of whether *Peterson* is good law." *Id.* Bottom line, the *Sallee* court in 2013 declined to overrule *Peterson*—though the court perhaps expressed reservations about its vitality.

At least partially in response to *Sallee*, the General Assembly amended the recreational-land-use statute within months. *See* Michael J. Lunn, Note, *Class*

*Dismissed: Forty-Nine Years Later, Recreational Use Statutes Finally Align with Legislation's Original Intent*, 20 Drake J. Agric. L. 137, 152–53 (2015) (summarizing the motivations underlying the legislative response). Among other changes, the General Assembly added its preference that chapter 461C be liberally construed in favor of landowners and that "land," for purposes of the chapter, "includes land that is not open to the general public." *See* 2013 Iowa Acts ch. 128, § 1.

As an intermediate appellate court, *Peterson* binds us—particularly given the supreme court's express notation in *Sallee* that it declined to overrule *Peterson*. To the extent the intervening statutory changes provide any guidance, they weigh clearly in favor of extending protection to landowners like Larry and Sueann, whose land may not have been expressly opened to the general public but was nonetheless subject to recreational use as described in the statutes.

With these principles in mind, we review the district court's summary-judgment ruling for correction of errors at law. *E.g.*, *Hagenow v. Am. Fam. Mut. Ins. Co.*, 846 N.W.2d 373, 376 (Iowa 2014). For purposes of this appeal, we bypass the disputed fact of whether Larry and Sueann did not actually open their land to the public in any meaningful sense because that fact is immaterial. Regardless, *Peterson* and the 2013 statutory amendments compel us to conclude the protections of the recreational-land-use statutes bar the claim against Larry and Sueann. We therefore affirm the district court's summary-judgment ruling.

**AFFIRMED.**