PHILLIPS ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF NATURAL RESOURCES, APPELLEE.

(No. 85AP-530—Decided December 12, 1985.)

Connor & Koltak Co., L.P.A., and Daniel D. Connor; Preiser & Wilson and Gregory B. Chiartas, for appellants.

Anthony J. Celebrezze, Jr., attorney general, and William J. McDonald, for appellee.

FORD, J. Plaintiffs-appellants, Christopher Coleman Phillips and his parents, Barbara and Verne Phillips, appeal the decision of the Court of Claims of Ohio granting the motion for summary judgment of defendant-appellee, the Ohio Department of Natural Resources.

On or about July 25, 1983, twelve-year-old Christopher and his parents visited Ash Cave Park, Ohio, for the purpose of using hiking trails. As he was walking along one of these trails, the ground under Christopher allegedly gave way, causing him to fall on the ground and rocks below. As a result of such fall, Christopher sustained severe and permanent injuries.

On December 3, 1984, appellants filed a complaint against appellee, the Ohio Department of Natural Resources, seeking compensation for Christopher's injuries and for other damages. The complaint alleged that appellee was negligent, careless and reckless in designing, constructing and maintaining the trail from which Christopher had fallen. Thereafter, on April 3, 1985, appellee filed a motion for summary judgment with the Court of Claims. No evidential matter contra appellee's motion was filed by appellants. The court granted appellee's motion on May 24, 1985, concluding that, under R.C. 1533.181, appellee could not be held liable for appellants' injuries and damages.

On appeal, appellants advance the following assignments of error:

"1. The Court of Claims' ruling wherein it granted defendant's [Civil] Rule 56 motion for summary judgment was premature.

"A. The Court of Claims erred in granting defendant's motion for summary judgment for reasons that the defendant had not filed its answers to plaintiffs' interrogatories so as to provide evidence as to the lack of genuine issues as to material facts and accordingly defendant was not entitled to judgment as a matter of law.

"2. The Court of Claims erred in granting defendant's motion for summary judgment in that the plaintiff did not have the requisite capacity to contract."

Appellants first argue that the Court of Claims erred in granting appellee's motion for summary judgment before appellee filed its answers to appellants' interrogatories. Appellants contend that their interrogatories were designed to elicit information from appellee which would abrogate the intent of R.C. 1533.181 and, correspondingly, establish appellee's liability. The argument is without merit.

R.C. 1533.181 provides, in pertinent part, that:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use * * *."

A recreational user is defined as "* * * a person to whom permission has been granted, without the payment of a fee or consideration to the owner, * * * to enter upon premises to * * * hike * * * or engage in other recreational pursuits." R.C. 1533.18(B).

As noted by the Court of Claims in determining whether to grant appellee's motion for summary judgment, the decisive factor was the status of appellants at Ash Cave Park on the day of the accident. Relying on appellants' answer to appellee's interrogatories, which indicated that appellants did not pay a fee to use the facilities and that they were there as a family for recreational purposes, the court concluded that appellants were recreational users under R.C. 1533.18(B) and 1533.181.

"It is clear that, under these statutes as plainly construed, the state, when viewed as if a private party, owes no duty to a recreational user of its land, such as appellee, who has paid no fee or valuable consideration." (Footnote omitted.) *McCord* v. *Division of Parks and Recreation* (1978), 54 Ohio St. 2d 72, at 74 [8 O.O.3d 77].

Appellants argue, however, that their interrogatories were constructed to elicit information which would render appellee liable, regardless of the status of appellants. In this respect, appellants contend that, if appellee knew of the dangerous condition of the trail but failed to warn of such condition, appellee would be subject to liability for willful or intentional misconduct.

We disagree. As stated in *Fetherolf* v. *State* (1982), 7 Ohio App. 3d 110, at 112:

"R.C. 1533.181, *supra,* clearly states that, with respect to a recreational user, there is no assurance that the premises are safe for entry or use and no duty to such user to keep the premises safe for entry or use. *There can be no wanton misconduct unless one breaches a duty which he owes to another. Since the statute expressly provides that there is no duty, there cannot be wanton misconduct.*" (Emphasis added.)

Accordingly, even if appellee's answers to appellants' interrogatories were to indicate willful misconduct, appellee still would not be liable under R.C. 1533.181. Therefore, we cannot conclude that the Court of Claims erred in granting appellee's motion for summary judgment, even though appellee had not answered appellants' interrogatories.

Appellants also argue that the answers to their interrogatories could well have had the effect of removing appellee's cloak of immunity and providing another credible tort remedy for them. For example, appellants contend that an answer to one of their interrogatories would have shown that appellee had insurance coverage for such occurrences. They contend that some states have held that, where such liability insurance exists, a state agency's immunity is abrogated. See *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents* (W.Va. 1983), 310 S.E. 2d 675, 688. In addition, appellants take the position that, since the state of Ohio has adopted the Court of Claims Act, as a matter of fairness, one who is injured by what is shown to be actual conduct or a failure to act should be able to make a claim against the state. However, appellants have failed to provide us with existing statutory or case law in support of this position. Rather, existing authority clearly demonstrates that Ohio has not adopted the expansive view in the area of sovereign immunity for which appellants contend.

When R.C. 1533.18 and 1533.181 were enacted in 1963, the state was immune from tort liability under the doctrine of sovereign immunity. See *McCord, supra,* at 73. However, in 1975, Ohio waived its immunity as to certain tort actions through the enactment of R.C. Chapter 2743, the Court of Claims Act. *McCord, supra.* R.C. 2743.02(A)(1) provides that the state "* * * waives its immunity from liability and consents to be sued, and have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *." Thereafter, in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, at paragraph two of the syllabus, the Supreme Court of Ohio abolished the doctrine of sovereign immunity with respect to municipal corporations. The court held that the

defense of sovereign immunity was not available in the absence of a special statute providing for such immunity.

In the instant action, although appellants filed their action in the Court of Claims, nothing in the statute pertaining to that court's jurisdiction provides a basis for this type of claim against the state of Ohio or one of its agencies. R.C. 2743.02. Furthermore, R.C. 1533.18 and 1533.181 do provide the state with a basis for asserting immunity as a defense to appellants' cause of action. *Haverlack, supra.* Accordingly, while appellants argue for an expansive interpretation in the area of sovereign immunity, the Supreme Court of Ohio has not chosen to adopt such view and, as such, appellants' arguments must be rejected.

Appellants' second assignment of error is based on their view that R.C. 1533.181 creates a contractual relationship. Appellants argue that, since Christopher was a minor and without legal capacity to contract, his right to recover for injuries was not dependent upon the offering of consideration, such consideration being a mandatory prerequisite to appellee's assertion of immunity.

It is clear that appellants did not pay a fee or consideration for admission or entrance to Ash Cave Park. The grant of immunity to appellee, under the statute in question, is dependent upon the payment of fees or consideration. Similarly, nothing in the statute expressly or impliedly provides the basis for any right that might obtain, in behalf of appellants, by virtue of the nonpayment of a fee that would vitiate the immunity granted under R.C. 1533.18 and 1533.181. Consequently, whether Christopher had the capacity to contract or not is irrelevant to a determination of the issues in this case. The statutory language has the same application, regardless of the age of the "recreational user."

The factual character of appellants' case provides a most compelling and heart-rendering situation. One, indeed, would be most oblique and egregiously insensitive if he would not respond with a deep feeling of sympathy for the tragedy and trauma that have occurred to the appellants. This court, however, must decide this case on what it understands are the present parameters of immunity that apply to these facts in Ohio as established by the General Assembly and the Ohio Supreme Court.

Appellants' assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

REILLY, P.J., and WHITESIDE, J., concur.

FORD, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.