LOOK, A MINOR, ET AL., APPELLANTS, *v.* CLEVELAND METROPARKS SYSTEM, APPELLEE.

(No. 53759—Decided May 9, 1988.)

*Michael L. Ritz,* for appellants.
*Robert C. Tucker* and *Stephen Twiss,* for appellee.

PRYATEL, J. On August 23, 1983, plaintiff-appellant Richard R. Look (then age fourteen) was crossing a footbridge in the North Chagrin Reservation of the Cleveland Metroparks System when a wood plank collapsed, causing him to fall into the ravine below and sustain fractures to both arms.

On August, 21, 1985, a complaint was filed for Richard by and through his father Gerhard against defendant-appellee Cleveland Metroparks System. The complaint alleged that Metroparks was "negligent in failing to inspect [the] bridge and to keep and maintain said bridge in a safe condition." Metroparks answered denying liability and pleading the affirmative defense of "statutory immunity."

After a period of discovery, Metroparks filed a motion for summary judgment on June 30, 1986, which was opposed by plaintiffs-appellants. On April 10, 1987, the trial court granted Metroparks' motion for summary judgment and appellants filed a timely notice of appeal, assigning one error for review:

Assignment of Error No. I

"I. The trial court erred in granting appellee's motion for summary judgment because there exists [sic] genuine issues of material fact and law concerning (1) the status of appellant in using the Cleveland Metroparks System and (2) the duty of appellee Cleveland Metroparks System to maintain a bridge it had constructed."

R.C. 1533.181 provides statutory immunity in that:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

"Recreational user" is defined in R.C. 1533.18 as "a person to whom permission has been granted, without the payment of a fee or consideration * * * to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

At Richard's deposition the following testimony was adduced:

"By Mr. Twiss (attorney for defendant-appellee):

"Q. How did you decide to go to the Metroparks?

"A. Well, I do that occasionally just to walk around and enjoy the scenery.

"Q. And that was the purpose of your visit on the day of the accident?

"A. Right.

"Q. Is to essentially take a hike down that trail?

"A. Right."

In addition, it was revealed that Richard had been driven to the park by his mother from their home in Euclid and was walking on a path with his dog through the park when the accident occurred. Appellants maintain this evidence is insufficient to find that Richard was a "recreational user" as a matter of law to justify summary judgment. Moreover, appellants point out that it was defense counsel who suggested by a leading question that Richard was in the Metroparks to "hike" in order to establish the nature of the activity as "recreational use" under the statute.

Appellants rely on *Pierce* v. *Cleveland Metroparks System* (Oct. 23, 1986), Cuyahoga App. No. 51162, unreported, in support of their position. In *Pierce*, plaintiff was injured when she tripped and fell on a walkway while visiting the Metroparks Zoo. She brought suit alleging negligence on the part of Metroparks in maintaining the walkway. While Metroparks' motion for summary judgment was granted on the basis that plaintiff was a "recrea-

tional user," we reversed on appeal. Essentially, this court held that walking through a zoo to view the exhibits was not an activity similar to hunting, fishing, trapping, camping and hiking. Therefore, an issue of fact existed whether plaintiff was a "recreational user" as contemplated by the statute.

However, we think *Pierce* is distinguishable because in the instant case Richard admitted that he was hiking. Richard was driven to the park by his mother for the purpose of walking around and enjoying the scenery. He testified he was walking for "recreation" and "leisure activity." Webster's Third New International Dictionary (1986) 1069 defines "hike" as "a long walk undertaken for pleasure or exercise." Richard was not merely walking through the park as a means of travel to a specific destination. Hence, he was a "recreational user" as a matter of law.

Furthermore, R.C. 1533.181 makes no distinction between active and passive negligence. The creation of a hazardous condition does not change the determinative factor of Richard's status as a recreational user. As such, Metroparks owed no duty to Richard to keep the footbridge safe. *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 198, 9 OBR 508, 511, 459 N.E. 2d 873, 877, fn. 2; *Milliff* v. *Cleveland Metroparks System* (June 4, 1987), Cuyahoga App. No. 52315, unreported; *Erbs* v. *Cleveland Metroparks System* (Dec. 24, 1987), Cuyahoga App. No. 53247, unreported.

This assignment of error is overruled.

*Judgment affirmed.*

NAHRA, C.J., and PATTON, J., concur.