LOYER, APPELLEE, *v.* BUCHHOLZ ET AL., APPELLANTS.

[Cite as Loyer *v.* Buchholz (1988), 38 Ohio St. 3d 65.]

(No. 87-1379—Submitted June 2, 1988—Decided July 20, 1988.)

*Green, Ashley & Weglian, Merritt W. Green II, Lucal & McGookey* and *James E. McGookey,* for appellee.

*Flynn, Py & Kruse Co., L.P.A.,* and *Charles W. Waterfield,* for appellants.

*Robison, Curphey & O'Connell, Jack Zouhary* and *Jean Ann S. Sieler,* urging reversal for *amici curiae,* Kevin and Sharon Detrick.

DOUGLAS, J. The issue presented by this cause is whether, by virtue of R.C. 1533.181, a residential pool owner is immune from a suit for damages resulting from injuries sustained

in the pool by a social guest. We hold that R.C. 1533.181 does not confer immunity where the land on which the injury occurred is not kept open to the general public for gratuitous recreational use.

R.C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

R.C. 1533.18 defines the terms "premises" and "recreational user" as follows:

"As used in sections 1533.18 and 1533.181 of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Appellants maintain that these statutes reflect the intention of the General Assembly to confer a blanket immunity on all private landowners whose guest or invitee is injured while engaging in a recreational pursuit on private land, where no fee for entry is required. We disagree.

" 'The primary duty of a court in construing a statute is to give effect to the intention of the Legislature enacting it.' " *Brown* v. *Martinelli* (1981), 66 Ohio St. 2d 45, 49, 20 O.O. 3d 38, 40, 419 N.E. 2d 1081, 1083. This court has previously recognized that the policy which prompted the enactment of the recreational user statute is to encourage owners of premises suitable for recreational pursuits to open their land to public use without fear of liability. *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 142, 16 O.O. 3d 161, 164, 404 N.E. 2d 742, 745; *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 198, 9 OBR 508, 511, 459 N.E. 2d 873, 877. The statutory immunity provided by this legislation "* * * promotes the development and availability of property for recreational use * * *." *Marrek, supra.*

Considered in this light, R.C. 1533.181 was clearly not intended to confer immunity on owners of private residential swimming pools whose social guests are injured while swimming. Ordinarily, privately owned backyard pools are not kept open to the general public. Owners of such pools typically restrict the use thereof to family members, friends, neighbors and other acquaintances. It is seldom, if ever, expected that all members of the general population are welcome to enter the premises and utilize the swimming facilities.

Since the purpose of the legislation conferring immunity is to encourage owners of premises suitable for recreational pursuits to open their lands for public use, it follows that where the land in question is not held open to the

public, the immunity does not apply.[1] Extending immunity to owners of residential swimming pools would not advance the purposes underlying the recreational user statute. In those cases where this court has applied R.C. 1533.181 to immunize a landowner from suit, the injury which formed the basis for the suit occurred on land *held open to the general public* for use without a fee. *McCord* v. *Div. of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50 (governmental landowner immune from suit for death by drowning in state park where public swimming was permitted without payment of fee). Accord *Moss, supra; Marrek, supra; Mitchell* v. *Cleveland Elec. Illum. Co.* (1987), 30 Ohio St. 3d 92, 30 OBR 295, 507 N.E. 2d 352; *Johnson* v. *New London* (1988), 36 Ohio St. 3d 60, 521 N.E. 2d 793.

Our refusal to apply R.C. 1533.181 to immunize appellants is unrelated to the fact that the land on which the injury occurred is apparently suburban rather than rural. R.C. 1533.181 contains no indication that only owners or occupiers of rural lands are entitled to the immunity conferred by the statute. While it is true that several of the recreational uses enumerated in R.C. 1533.18(B) are typically rural pursuits (*e.g.*, hunting, trapping and camping), others, such as swimming and fishing, are frequently enjoyed within city limits. Moreover, the term "other recreational pursuits," as used in R.C. 1533.18(B), expands the class of activities to similar pursuits,[2] which may be either rural or urban, or both.

Public parks are often located within city boundaries, and such parks are as entitled to the immunity conferred by R.C. 1533.181 as those located in rural areas, provided that the land is held open to the general public without the payment of a fee, and the injury results from a recreational pursuit within the meaning of R.C. 1533.18(B).

Although we are convinced that R.C. 1533.181 was not intended to apply exclusively to rural lands, we are also certain that this statute was not intended to include residential backyards within the definition of premises. The purpose of the enactment, as well as its placement in Title 15 of the Revised Code, which is devoted to conservation of natural resources, strongly indicates that only "the true outdoors" was within the contemplation of the General Assembly. Most of the recreational uses enumerated in R.C. 1533.18(B) are generally conducted in "the wide open spaces," such as parks or wilderness tracts, a fact which lends further support to our conclusion that the General Assembly did not intend the immunity to extend to residential property used for purely private purposes.

*Amici curiae* argue that since R.C. 1533.181 is plain and unambiguous, and since it contains no express language limiting its scope to lands held open to the general public, it may not be presumed that such a limitation was intended. However, this court has refused in the past to engage in a literal reading of R.C. 1533.181, on the basis that a literal interpretation of this "in-

---

[1] For purposes of this opinion, land is not "open to the public" unless members of the public are welcome to enter. Where an employer, for example, keeps land open to *employees and their guests* for recreational use, the land is not "open to the public."

[2] In *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 68, 28 OBR 165, 167, 502 N.E. 2d 611, 613, this court held that the term "other recreational pursuits," as used in R.C. 1533.18(B), must be construed as applying only to activities similar to those enumerated.

artfully drafted" legislation would not comport with the intention of the General Assembly. *Moss, supra,* at 141, 16 O.O. 3d at 163, 404 N.E. 2d at 744; *Marrek, supra,* at 197, 9 OBR at 510, 459 N.E. 2d at 876. Moreover, to interpret R.C. 1533.181 as extending to all lands, whether open to the public or not, would be to abrogate the common law to a greater extent than is necessary to effectuate the legislative will.[3] This we decline to do.

Therefore, we hold that the immunity provided by R.C. 1533.181, the recreational user statute, does not extend to private owners of residential swimming pools whose social guest is injured while swimming, where the premises in question are not held open for gratuitous recreational use by the general public.

Accordingly, the judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

---

[3] This court has previously indicated that R.C. 1533.181 abrogates the common law. *McCord* v. *Div. of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 74, 8 O.O. 3d 77, 79, 375 N.E. 2d 50, 52, at fn. Statutes in derogation of the common law must be strictly construed. *Sabol* v. *Pekoc* (1947), 148 Ohio St. 545, 552, 36 O.O. 182, 185, 76 N.E. 2d 84, 88.