[Cite as *Combs v. Ohio Dept. of Natural Resources*, 2014-Ohio-4025.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Combs, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-193 |
| v. | : | (Ct. of Cl. No. 2013-00428) |
| Ohio Department of Natural Resources, Division of Parks & Recreation, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 16, 2014

*Arthur C. Graves*, for appellant.

*Michael DeWine*, Attorney General, and *Eric A. Walker*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Richard Combs, appeals a judgment of the Court of Claims of Ohio that entered summary judgment for defendant-appellee, the Ohio Department of Natural Resources ("ODNR"). For the following reasons, we reverse and remand.

{¶ 2} On the morning of July 28, 2011, Combs visited Indian Lake State Park to go fishing. As he walked to his preferred fishing spot, Combs was struck in the right eye with a rock. The rock had been launched into the air by a boom mower being operated by Jerry Leach, an ODNR employee. Leach was mowing along the edge of the lake in the vicinity of riprap, which is rock placed along a shoreline to prevent erosion. Apparently,

the mower blade struck a piece of riprap, throwing it into the air.  The thrown rock caused significant injury to Combs' eye.

{¶ 3}    Combs filed suit against ODNR, alleging that Leach negligently operated the boom mower.   After the parties conducted discovery, ODNR moved for summary judgment on the basis that it owed no duty of care to Combs by virtue of R.C. 1533.181, commonly known as the recreational user statute.   In response, Combs argued that R.C. 1533.181 only provided immunity against premises liability claims, and, thus, it did not apply to his claim, which alleged negligence in the operation of the boom mower.

{¶ 4}    The trial court agreed with ODNR, finding ODNR immune from liability because Combs was a recreational user injured on ODNR's premises.   On February 4, 2014, the trial court entered judgment in ODNR's favor.

{¶ 5}    Combs now appeals from the February 4, 2014 judgment, and he assigns the following error:

> The trial court erred in sustaining the Motion for Summary Judgment filed on behalf of the Defendants.

{¶ 6}    A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 7}    Pursuant to R.C. 1533.181(A)(1), "[n]o owner, lessee, or occupant of premises * * * [o]wes any duty to a recreational user to keep the premises safe for entry or use."  As used in R.C. 1533.181(A)(1), the term "premises" includes state-owned "lands,

ways, and waters, and any buildings and structures thereon."  R.C. 1533.18(A); *Pauley v. Circleville*, 137 Ohio St.3d 212, 2013-Ohio-4541, ¶ 15.  A "recreational user" is:

> a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits.

R.C. 1533.18(B).

{¶ 8}  Here, Combs concedes that he was a recreational user.  Thus, the operative question is whether Combs is seeking to hold ODNR liable for breaching a duty to "keep the premises safe for entry or use."  If he is, then his claim fails, as R.C. 1533.181(A)(1) states that no such duty exists.  If he is not, then R.C. 1533.181(A)(1) does not apply and the trial court erred in entering summary judgment based on that statutory provision.

{¶ 9}  We find that the answer to the operative question lies in *Ryll v. Columbus Fireworks Display Co., Inc.*, 95 Ohio St.3d 467, 2002-Ohio-2584.  There, one of the defendants was a city that had held a fireworks display in a municipal park.  A spectator was killed by shrapnel caused when a firework shell exploded in its mortar tube, and the spectator's wife sued the city for negligently situating the spectator area too close to the location of the discharging fireworks.  The city claimed immunity from liability under R.C. 1533.181.  This court reversed the denial of the city's summary judgment motion on the immunity question, holding that R.C. 1533.181 provided immunity for all injuries incurred by recreational users.  A plurality of the Supreme Court of Ohio concluded that our holding was overly expansive.  *Id.* at ¶ 14.  The Supreme Court stated:

> R.C. 1533.181(A)(1) does not state that a recreational user is owed no duty.  Instead, R.C. 1533.181(A)(1) immunizes an owner, lessee, or occupant of premises only from a duty "to keep the *premises* safe for entry or use."  (Emphasis added.) The cause of the injury in this case had nothing to do with "premises" as defined in R.C. 1533.18(A).  The cause of the injury was shrapnel from fireworks, which is not part of "privately-owned lands, ways, waters, and * * * buildings and structures thereon."  Id.  Accordingly, R.C. 1533.181(A)(1) and (2) do not immunize [the city].  To hold otherwise would allow R.C. 1533.181 to immunize owners, lessees, and occupants for

> any of their negligent or reckless acts that occur on "premises." The plain language of the statute indicates that the General Assembly had no such intention.

*Id.* at ¶ 15. This holding is consistent with the law of other states that also have recreational user statutes that abolish a property owner's duty "to keep the premises safe for entry or use." *Klein v. United States*, 112 Cal.Rptr.3d 722, 730-31 (2010) ("By providing [ ] that a landowner owes no duty to 'keep the premises safe,' the Legislature has selected language implying a narrower immunity, focused on premises liability claims arising from property-based duties."); *Dickinson v. Clark*, 2001 ME 49 (2001), ¶ 7 ("[T]he Recreational User Statute only limits claims that allege premises liability."); *Young v. Salt Lake City Corp.*, 876 P.2d 376, 378 (Utah 1994) ("The operative language of the [recreational user] [a]ct does not purport to relieve landowners of their separate duty to conduct themselves in a reasonably safe manner while on the premises."); *Scott v. Wright*, 486 N.W.2d 40, 42 (Iowa 1992) (holding that the recreational user statute only immunized landowners, their agents, or employees from premises liability claims).

{¶ 10} Recently, the Supreme Court revisited *Ryll* in *Pauley*. In *Pauley*, the court stated that *Ryll* had held that "the recreational-user statute immunizes property owners from injuries that arise from a defect in the premises" and "[b]ecause the shrapnel was not a defect *in the premises*, immunity did not apply." (Emphasis sic.) *Pauley* at ¶ 26. The court went on to conclude that *Ryll* had no effect on the outcome in the case before the bar because that case involved a defect in the premises, i.e., a railroad-tie-like object embedded in a mound of dirt located in a municipal park. *Pauley* at ¶ 32.

{¶ 11} Here, the flying rock that injured Combs is akin to the flying shrapnel that injured the decedent in *Ryll*. Neither the rock nor the shrapnel constituted a defect in the premises. Consequently, although Combs, like the decedent in *Ryll*, was a recreational user, R.C. 1533.181(A)(1) does not immunize ODNR from liability for his injuries.

{¶ 12} ODNR resists this conclusion. It points to a passage in *Pauley* that states, "an owner cannot be held liable for injuries sustained during recreational use 'even if the property owner affirmatively created a dangerous condition.' " *Id.* at ¶ 21. Based on this passage, ODNR asserts that a property owner is immune under R.C. 1533.181(A)(1) for any and all dangerous conditions it creates, regardless of whether the dangerous condition is tied to the premises or not. We are not persuaded. For the cited passage to

have that meaning, *Pauley* would have had to disavow *Ryll*. *Pauley*, however, did not do that. Rather, *Pauley* discussed and distinguished *Ryll*; a treatment that indicates that *Ryll* remains valid law.

{¶ 13} Next, ODNR argues that this case is distinguishable from *Ryll* because the boom mower that threw the rock was being operated on state premises. We fail to see how that fact differentiates this case from *Ryll*. In *Ryll*, the alleged negligent act—the placement of the spectator area too close to the firework shells—also occurred on the defendant's premises. That fact did not preclude the Supreme Court from holding that R.C. 1533.181(A)(1) was inapplicable.

{¶ 14} Having rejected both of ODNR's arguments, we conclude that R.C. 1533.181(A)(1) does not bar Combs' negligence claim and, thus, the trial court erred in granting ODNR summary judgment based on R.C. 1533.181(A)(1). Accordingly, we sustain the sole assignment of error, we reverse the judgment of the Court of Claims of Ohio, and we remand this case to that court for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

BROWN and DORRIAN, JJ., concur.

———————————