[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Combs v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation,* Slip Opinion No. 2016-Ohio-1565.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1565

COMBS, APPELLEE, *v.* OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF PARKS AND RECREATION, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Combs v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation,* Slip Opinion No. 2016-Ohio-1565.]**

*Recreational-user statute—R.C. 1533.181—Injury to recreational user from rock thrown by mower is not an injury caused by defect in the premises.*

(No. 2014-1891—Submitted November 17, 2015—Decided April 19, 2016.)

APPEAL from the Court of Appeals for Franklin County,
No. 14AP-193, 2014-Ohio-4025.

_____

**O'DONNELL, J.**

{¶ 1} The Ohio Department of Natural Resources ("ODNR") appeals from a judgment of the Tenth District Court of Appeals, which reversed a grant of summary judgment in its favor in connection with an action filed by Richard Combs

for injuries sustained when an ODNR boom mower threw a rock that struck him in the eye.

**{¶ 2}** R.C. 1533.181, the recreational user statute, provides that no landowner owes any duty to a recreational user to keep the premises safe for entry or use or extends any assurance in that regard. Thus, a landowner is not liable to a recreational user for injuries caused by the defective condition of a recreational premises. Here, however, the injuries resulted from the alleged negligent operation of a boom mower, not from the condition of the premises. ODNR has a duty to conduct mowing safely and can be held liable for the negligence of its employees if it breaches that duty. Thus, the appellate court correctly reversed the grant of summary judgment, and we affirm its judgment.

### Facts and Procedural History

**{¶ 3}** On July 27, 2011, Combs was celebrating his birthday at Indian Lake State Park, which is open to the public without an admission charge. He spent the night fishing and early the next morning walked to Pew Island, which affords better fishing. As Combs walked across the causeway to Pew Island, Jerry Leeth, an ODNR employee, was using a boom mower to cut weeds and brush along the lakeshore. One of the mower blades hit the riprap—stones placed along the waterline to prevent erosion—and threw a rock that struck Combs in the eye and face and caused serious injuries.

**{¶ 4}** Combs sued ODNR in the Court of Claims, alleging that Leeth negligently operated the boom mower and caused his injury. The Court of Claims granted ODNR's motion for summary judgment, finding that because Combs was a recreational user, ODNR had no duty to keep the park safe for his entry or use and his negligence claim was barred as a matter of law.

**{¶ 5}** The Tenth District Court of Appeals reversed the decision of the Court of Claims, explaining that although the recreational user statute abolished the property owner's duty to keep the premises safe for entry and use by recreational

2

users, it provides immunity only for injuries caused by the defective condition of the premises. The appellate court held that because Combs claimed that he was injured by the negligence of a park employee and not by a defect in the premises, the recreational user statute did not apply.

**Positions of the Parties**

{¶ 6} On appeal to this court, ODNR maintains that landowners who open their lands to recreational users have absolute immunity for any injury that occurs on the premises, contending that the recreational user statute precludes negligence claims as long as the user entered the land without paying a fee. It states that pursuant to R.C. 1533.181, the landowner owes no duty to a recreational user and therefore cannot be held liable for any negligent acts or omissions. It further notes that the General Assembly departed from the common law rule that treated recreational users as licensees, "transforming them into, in essence, trespassers under the common-law premises-liability regime." Further, ODNR asserts, the legislature could not have intended to discourage landowners from performing the maintenance needed to make the premises safer and more enjoyable to recreational users. And, lastly, it distinguishes the lead opinion in *Ryll v. Columbus Fireworks Display Co., Inc.*, 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, because in that case, it notes, the injury arose from a foreign object brought onto the land—shrapnel from a firework shell—whereas in this case, Combs was injured when the mower threw a rock, which ODNR claims was part of the premises.

{¶ 7} Combs admits that he was a recreational user at the time of his injury and that ODNR held Indian Lake State Park open for recreational use without charge, but he contends that recreational user immunity attaches only when injury results from the condition of the premises. He asserts that he was not injured by the condition of the premises and that a landowner is not immune for its own active negligence, citing cases from California, Utah, and Iowa holding that recreational

user immunity does not extend to acts of vehicular negligence committed by the landowner or its employees on the premises.

{¶ 8} Accordingly, we are asked to address what duty, if any, a landowner owes to recreational users for alleged acts of negligence by employees occurring on the premises.

## Law and Analysis

### *Common Law Premises Liability*

{¶ 9} At common law, the duty owed by a landowner to those who enter the premises depended on the status of the entrant: invitee, licensee, or trespasser. *Englehardt v. Philipps*, 136 Ohio St. 73, 77, 23 N.E.2d 829 (1939). A landowner owes an invitee the duty to "exercise ordinary care to render the premises reasonably safe," *Cincinnati Baseball Club Co. v. Eno*, 112 Ohio St. 175, 147 N.E. 86 (1925), paragraph one of the syllabus, but "owes no duty to a trespasser or licensee upon [the] land except to refrain from wanton, willful or reckless misconduct which is likely to injure him," *Soles v. Ohio Edison Co.*, 144 Ohio St. 373, 59 N.E.2d 138 (1945), syllabus; *see also Scheibel v. Lipton*, 156 Ohio St. 308, 328-329, 102 N.E.2d 453 (1951) (discussing the duties owed to business visitors and social guests).

{¶ 10} However, the common law also recognizes that a landowner, "being aware of the presence of a licensee, or even a trespasser, is required to use ordinary care to avoid injury to him arising from the active negligence of such owner or his servants." *Union News Co. v. Freeborn*, 111 Ohio St. 105, 107, 144 N.E. 595 (1924). The duty to exercise reasonable care arises after the landowner knows or should know that a licensee or trespasser is on the land. 2 Restatement of the Law 2d, Torts, Section 336, Comment d (1965). *See also* Keeton, Dobbs, Keeton & Owen, *Prosser and Keeton on the Law of Torts,* Section 58, 397-398, and Section 60, 416 (5th Ed.1984); *Salemi v. Duffy Const. Corp.*, 3 Ohio St.2d 169, 209 N.E.2d 566 (1965).

4

*The Recreational User Statute*

**{¶ 11}** In 1963, the General Assembly enacted the recreational user statute, R.C. 1533.18 et seq., Am.H.B. No. 179, 130 Ohio Laws 423, 1638, "to encourage owners of premises suitable for recreational pursuits to open their land to public use without fear of liability." *Loyer v. Buchholz*, 38 Ohio St.3d 65, 66, 526 N.E.2d 300 (1988). R.C. 1533.181(A) provides:

No owner, lessee, or occupant of premises:

(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.

**{¶ 12}** R.C. 1533.18(A) defines "premises" to include "all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon." However, in *McCord v. Ohio Div. of Parks & Recreation*, 54 Ohio St.2d 72, 74, 375 N.E.2d 50 (1978), we concluded that recreational user immunity also applies to state-owned property, because the waiver of sovereign immunity in R.C. 2743.02(A) provides that the liability of the state will be determined in accordance with the rules of law applicable to suits between private parties.

**{¶ 13}** Pursuant to R.C. 1533.18(B),

"Recreational user" means a person to whom permission has been granted, without the payment of a fee or consideration to the

owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits.

{¶ 14} Thus, by enacting the recreational user statute, the General Assembly amended the common law rule; as we stated in *Fryberger v. Lake Cable Recreation Assn., Inc.*, 40 Ohio St.3d 349, 351, 533 N.E.2d 738 (1988), "the applicability of R.C. 1533.181 does not depend upon the common-law status of the injured party as trespasser, licensee, social guest, or invitee." In lieu of the common law distinctions, *id.*, the duty owed depends on "whether the person using the property qualifies as a recreational user," *Pauley v. Circleville*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, ¶ 21.

{¶ 15} The immunity afforded by the recreational user statute is not absolute; rather, R.C. 1533.181 limits the liability of landowners for injuries to recreational users in three ways. First, R.C. 1533.181(A)(1) provides that no landowner "[o]wes any duty to a recreational user to keep *the premises* safe for entry or use" (emphasis added); second, R.C. 1533.181(A)(2) states that granting permission to enter the property is not an assurance that the premises are safe; and third, R.C. 1533.181(A)(3) provides that a landowner is not liable for injuries caused by the act of a recreational user. The General Assembly could have provided that a landowner owes no duty whatsoever to any recreational user or that a landowner is not liable for injury caused by the act of the landowner or its employees, but tellingly, it did not do so.

{¶ 16} Our jurisprudence holding that the recreational user statute precludes liability involves injuries arising from the condition of the premises, i.e., the lands,

6

ways, and waters, and any buildings or structures thereon, or from the acts of another recreational user. *See Pauley* at ¶ 32 (railroad-tie-like object embedded in a mound of dirt covered in snow); *LiCause v. Canton*, 42 Ohio St.3d 109, 537 N.E.2d 1298 (1989) (cable strung between two posts); *Miller v. Dayton*, 42 Ohio St.3d 113, 537 N.E.2d 1294 (1989) (softball field); *Sorrell v. Ohio Dept. of Natural Resources, Div. of Parks & Recreation*, 40 Ohio St.3d 141, 532 N.E.2d 722 (1988) (mound of dirt protruding from frozen surface of lake); *Johnson v. New London*, 36 Ohio St.3d 60, 521 N.E.2d 793 (1988) (above-ground cable installed to prevent driving on retention embankment); *Mitchell v. Cleveland Elec. Illum. Co.*, 30 Ohio St.3d 92, 507 N.E.2d 352 (1987) (undertow in Lake Erie); *Marrek v. Cleveland Metroparks Bd. of Commrs.*, 9 Ohio St.3d 194, 459 N.E.2d 873 (1984) (recreational user struck by another recreational user while sledding); *Moss v. Dept. of Natural Resources*, 62 Ohio St.2d 138, 404 N.E.2d 742 (1980) (consolidated cases involving one claimant injured by stepping in a hole and one who drowned); *McCord v. Ohio Div. of Parks & Recreation*, 54 Ohio St.2d 72, 375 N.E.2d 50 (1978) (drowning at a designated swimming area at a lake).

{¶ 17} Notably, *Pauley*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, indicated that R.C. 1533.181(A)(1) precludes liability only for injuries that arise from a defect in the premises. In holding that a landowner has no duty to keep manmade improvements and conditions on the land safe for recreational users, we distinguished the facts in *Ryll v. Columbus Fireworks Display Co., Inc.*, 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, where a majority of the court agreed that the recreational user statute did not bar recovery to a spectator fatally injured by shrapnel from a fireworks shell while attending a fireworks show at a public park. We noted that according to *Ryll*, "the recreational-user statute immunizes property owners from injuries that arise from a defect in the premises. Because the shrapnel was not a defect *in the premises,* immunity did not apply." (Emphasis sic.) *Pauley* at ¶ 26. In contrast, we explained, the railroad-tie-like object

embedded in a mound of dirt that had caused the claimant's injuries "was part of the park," *id*. at ¶ 32; thus, "the injury was caused by a defect in the premises," *id*., and the landowner therefore was not liable, *id.* at ¶ 39.

{¶ 18} The recreational user statute does not expressly abrogate a landowner's common law duty to exercise reasonable care to avoid negligently injuring those on the premises, and " 'in the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force.' " *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 384, 763 N.E.2d 160 (2002), quoting *Carrel v. Allied Prods. Corp.*, 78 Ohio St.3d 284, 287, 677 N.E.2d 795 (1997). Accordingly, the recreational user statute does not limit a landowner's liability for a negligently inflicted injury that does not arise from the condition of the premises.

{¶ 19} Our interpretation of R.C. 1533.181 accords with decisions of our sister supreme courts declining to expand recreational user immunity beyond injuries arising from the condition of the premises. *See, e.g.*, *Klein v. United States*, 50 Cal.4th 68, 72, 112 Cal.Rptr.3d 722, 235 P.3d 42 (2010) ("The statutory phrase 'keep the premises safe' is an apt description of the property-based duties underlying premises liability, a liability category that does not include vehicular negligence"); *Dickinson v. Clark*, 2001 ME 49, ¶ 2, 767 A.2d 303 (holding that the Maine recreational use statute does not apply to a claim alleging negligent supervision and instruction on the use of a wood splitter); *Young v. Salt Lake City Corp.*, 876 P.2d 376, 378 (Utah 1994) (explaining, in a case involving the collision of a maintenance vehicle with a bicyclist, "The operative language of the Act does not purport to relieve landowners of their separate duty to conduct themselves in a reasonably safe manner while on the premises"); *Scott v. Wright*, 486 N.W.2d 40, 42 (Iowa 1992) (holding that the landowner could be liable for the negligent operation of a tractor, because "[n]othing in the language of [Iowa's recreational

8

use statute] suggests a legislative intent to immunize *all* negligent acts of landowners, their agents, or employees" [emphasis sic]).

**{¶ 20}** In this case, the injuries to Combs did not arise from a defective condition of the premises but rather from alleged negligent mowing when the boom mower struck the riprap. R.C. 1533.181 therefore does not apply in these circumstances.

## Conclusion

**{¶ 21}** No owner, lessee, or occupant of premises owes any duty to a recreational user to keep the premises safe for entry or use, assures by giving permission to enter that the premises are safe, or is liable for injuries caused by the act of other recreational users. R.C. 1533.181 is limited in scope and does not apply to the alleged negligence of a maintenance worker operating a boom mower.

**{¶ 22}** Here, the evidence shows that the injury to Combs arose from the alleged negligent operation of a boom mower, and therefore the recreational user statute does not preclude liability for such a claim if Combs can establish that negligence.

**{¶ 23}** Accordingly, we affirm the judgment of the appellate court.

Judgment affirmed.

PFEIFER, J., concurs.

O'CONNOR, C.J., and O'NEILL, J., concur in judgment only.

KENNEDY, J., dissents with an opinion that LANZINGER and FRENCH, JJ., join.

_____

**KENNEDY, J., dissenting.**

**{¶ 24}** Respectfully, I dissent. This court has held that the recreational-user statute, R.C. 1533.181, abrogates the common-law premises-liability doctrine. *Fryberger v. Lake Cable Recreation Assn., Inc.*, 40 Ohio St.3d 349, 351, 533 N.E.2d 738 (1988); *Loyer v. Buchholz*, 38 Ohio St.3d 65, 68, 526 N.E.2d 300

(1988), fn. 3. *See McCord v. Ohio Div. of Parks & Recreation*, 54 Ohio St.2d 72, 74, 375 N.E.2d 50 (1978). Therefore, based on the facts presented in this case, the Court of Claims did not err in granting summary judgment in favor of the Ohio Department of Natural Resources, Division of Parks and Recreation. I would reverse the judgment of the Tenth District Court of Appeals and reinstate the order of the Court of Claims.

{¶ 25} The question before the court addresses the scope of the immunity afforded a property owner who is sued by an injured recreational user. In affirming the appellate court, the majority holds that the "recreational user statute does not expressly abrogate a landowner's common law duty to exercise reasonable care to avoid negligently injuring those on the premises." Majority opinion at ¶ 18. In support of that conclusion, the majority cites four cases from "our sister supreme courts." *Id.* at ¶ 19. However, the facts of all those cases can be distinguished from the facts of the case before us.

{¶ 26} In *Klein v. United States*, a cyclist in the Angeles National Forest was injured in a head-on collision with a vehicle driven by a volunteer for the United States Fish and Wildlife Service. 50 Cal.4th 68, 71, 112 Cal.Rptr.3d 722, 235 P.3d 42 (2010). The California high court, in a four-to-three decision on a certified question of law, concluded that the state's recreational-user statute did not apply, because the statutory language requiring a property owner to "keep the premises safe" did not "shield a[n owner] from liability to a recreational user for personal injury resulting from" vehicular negligence. *Id.* at 87.

{¶ 27} In *Dickinson v. Clark*, a minor suffered an injury while using a wood splitter with the permission of the landowner, despite the manufacturer's label warning that it not be used by a minor. 2001 ME 49, 767 A.2d 303, ¶ 2. The recreational-user statute in Maine provides that an " 'owner * * * of premises does not have a duty of care to keep the premises safe for entry or use * * * or to give warning of a hazardous condition.' " *Id.* at ¶ 6, quoting Me.Rev.Stat.Ann. Title 14,

Section 159-A. A complaint alleging negligent "supervision and instruction" on a piece of equipment is not a premises liability claim. *Id.* at ¶ 12.

{¶ 28} In *Young v. Salt Lake City Corp.*, a city maintenance vehicle collided with a cyclist on a road that was, on the day of the accident, designated by ordinance for bicycle and pedestrian traffic only. 876 P.2d 376, 377 (Utah 1994). The Utah Supreme Court held that the recreational-user statute applies to premises liability, not to liability for claims of negligence in the operation of a vehicle. *Id.* at 379.

{¶ 29} Last, in *Scott v. Wright*, a driver of a tractor lost control, causing injury to a rider who fell off and was pinned under the hay wagon the tractor was pulling. 486 N.W.2d 40, 41 (Iowa 1992). The Iowa Supreme Court held that the duties addressed by the state's recreational-user statute had "no bearing on the case," *id.* at 43, and that the tractor driver's negligence was outside the scope of the statute. *id.* at 42.

{¶ 30} The common thread in the cases from our sister courts is that the injuries in those cases resulted from something other than the land. In an attempt to avoid the application of the recreational-user statute in this case, the majority seizes upon the fact that a rock was thrown by a boom mower and claims that Combs's injury was the result of the mower operator's negligence. Based on this court's precedent, however, this fact is of no consequence.

{¶ 31} Combs admits that he was a recreational user and claims that he was injured by a rock. "[R]ecreational premises include elements such as land, water, trees, grass, and other vegetation." *Miller v. Dayton*, 42 Ohio St.3d 113, 114, 537 N.E.2d 1294 (1989). Under R.C. 1533.181(A)(1), "[n]o owner * * * owes *any duty* to a recreational user to keep the premises safe for entry or use." (Emphasis added.) If a "recreational user is injured while engaged in recreational pursuit on such land," the landowner is immune. *LiCause v. Canton*, 42 Ohio St.3d 109, 537 N.E.2d 1298 (1989), syllabus.

{¶ 32} As we held in *Pauley v. Circleville*:

> [A]n owner cannot be held liable for injuries sustained during recreational use "even if the property owner affirmatively created a dangerous condition." *Erbs v. Cleveland Metroparks Sys.,* [8th Dist. Cuyahoga No. 53247, 1987 WL 30512 (Dec. 24, 1987)] at *2, citing *Milliff v. Cleveland Metroparks Sys.*, 8th Dist. Cuyahoga No. 52315, 1987 WL 11969 (June 4, 1987); *see also Phillips v. Ohio Dept. of Natural Resources*, 26 Ohio App.3d 77, 79, 498 N.E.2d 230 (10th Dist.1985) (property owner not liable to recreational user for willful and wanton failure to warn of dangerous condition); *Press v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2005-100004-AD, 2006-Ohio-1024, 2006 WL 538106, ¶ 11 (property owner not liable to recreational user for injuries caused by owner's affirmative creation of a hazard). The determination of whether R.C. 1533.181 applies depends not on the property owner's actions, but on whether the person using the property qualifies as a recreational user. *Estate of Finley v. Cleveland Metroparks*, 189 Ohio App.3d 139, 2010-Ohio-4013, 937 N.E.2d 645, ¶ 50 (8th Dist.); *Look v. Cleveland Metroparks System*, 48 Ohio App.3d 135, 137, 548 N.E.2d 966 (8th Dist.1988).

137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, ¶ 21.

**{¶ 33}** It is undisputed that Combs was a recreational user. His complaint alleges that the rock that was thrown by the mower was from a layer of rock placed on the waterline to control erosion. The fact that a mower threw the rock does not alter the outcome.

**{¶ 34}** The recreational-user statute imposes no legal duty on a landowner to keep property "safe for entry or use," R.C. 1533.181(A)(1), and absent a legal

duty, " 'no liability can follow,' " *Pauley* at ¶ 21, quoting *Collins v. Sabino*, 11th Dist. Trumbull No. 96-T-5590, 1997 WL 531246, *4 (Aug. 29, 1997), fn. 5.

{¶ 35} The majority also holds that the immunity afforded property owners is not absolute but arises only when the recreational user suffers an injury due to the "condition of the premises." Majority opinion at ¶ 5. The phrase "condition of the premises" is not found in the recreational-user statute, but our holding in *Ryll v. Columbus Fireworks Display Co., Inc.*, 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, suggests that the injury suffered by a recreational user must have some nexus with the premises. Therefore, the application of *Ryll* here is misplaced.

{¶ 36} In *Ryll*, a spectator attending a fireworks show sponsored by the city of Reynoldsburg was killed when a defective shell exploded. A court of appeals held that Reynoldsburg was immune from liability under the recreational-user statute. We recognized that the recreational-user statute states that a landowner does not have a duty to a recreational user to keep land safe for entry or use. *Id*. at ¶ 15. We held that the recreational-user statute did not afford Reynoldsburg immunity, because "[t]he cause of the injury * * * was shrapnel from fireworks, which is not part of 'privately-owned lands, ways, waters, and * * * buildings and structures thereon.' "[1] *Id*., quoting R.C. 1533.18(A).

{¶ 37} Unlike in *Ryll*, in this case, Combs's injury was caused by a rock that was part of the land. Therefore, *Ryll* does not preclude application of the recreational-user statute.

Critics may claim that our decision reaches a harsh result. However, the language of the recreational-user statute is plain: a

---

[1] Although the language quoted in *Ryll* refers to "privately-owned lands, ways, and waters, and * * * buildings and structures thereon," R.C. 1533.18(A), this court has held that the recreational-user statute applies to state-owned land as well. *McCord*, 54 Ohio St.2d at 74, 375 N.E.2d 50.

property owner owes no duty to a recreational user to keep the property safe for entry or use. Creating an exception to this immunity is a policy decision that comes within the purview of the General Assembly, not the courts. The General Assembly understands how to draft laws that contain exceptions, but included no exception that can be applied in this case. And we will not create an exception by judicial fiat. *Akron v. Rowland,* 67 Ohio St.3d 374, 380, 618 N.E.2d 138 (1993).

*Pauley*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, at ¶ 38.

{¶ 38} Because this court has held that the recreational-user statute, R.C. 1533.181, abrogates the common-law premises-liability doctrine, *Fryberger*, 40 Ohio St.3d at 351, 533 N.E.2d 738, and *Loyer*, 38 Ohio St.3d at 68, 526 N.E.2d 300, fn. 3, under the facts presented here, the Court of Claims did not err in granting summary judgment in favor of the Ohio Department of Natural Resources, Division of Parks and Recreation. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and reinstate the order of the Court of Claims. Accordingly, I respectfully dissent.

LANZINGER and FRENCH, JJ., concur in the foregoing opinion.

—————————————

Arthur C. Graves Co., L.P.A., and Arthur C. Graves, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Eric A. Walker, Assistant Attorney General, for appellant.

Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae, Ohio Association for Justice.

—————————————