Kennedy, J.,
dissenting.
{¶ 24} Respectfully, I dissent. This court has held that the recreational-user statute, R.C. 1533.181, abrogates the common-law premises-liability doctrine. Fryberger v. Lake Cable Recreation Assn., Inc., 40 Ohio St.3d 349, 351, 533 N.E.2d 738 (1988); Loyer v. Buchholz, 38 Ohio St.3d 65, 68, 526 N.E.2d 300 *278 (1988), fn. 3. See McCord v. Ohio Div. of Parks & Recreation, 54 Ohio St.2d 72, 74, 375 N.E.2d 50 (1978). Therefore, based on the facts presented in this case, the Court of Claims did not err in granting summary judgment in favor of the Ohio Department of Natural Resources, Division of Parks and Recreation. I would reverse the judgment of the Tenth District Court of Appeals and reinstate the order of the Court of Claims.
{¶ 25} The question before the court addresses the scope of the immunity afforded a property owner who is sued by an injured recreational user. In affirming the appellate court, the lead opinion states that the “recreational user statute does not expressly abrogate a landowner’s common law duty to exercise reasonable care to avoid negligently injuring those on the premises.” Lead opinion at ¶ 18. In support of that conclusion, the lead opinion cites four cases from “our sister supreme courts.” Id. at ¶ 19. However, the facts of all those cases can be distinguished from the facts of the case before us.
{¶ 26} In Klein v. United States, a cyclist in the Angeles National Forest was injured in a head-on collision with a vehicle driven by a volunteer for the United States Fish and Wildlife Service. 50 Cal.4th 68, 71, 112 Cal.Rptr.3d 722, 235 P.3d 42 (2010). The California high court, in a four-to-three decision on a certified question of law, concluded that the state’s recreational-user statute did not apply, because the statutory language requiring a property owner to “keep the premises safe” did not “shield a[n owner] from liability to a recreational user for personal injury resulting from” vehicular negligence. Id. at 87.
{¶ 27} In Dickinson v. Clark, a minor suffered an injury while using a wood splitter with the permission of the landowner, despite the manufacturer’s label warning that it not be used by a minor. 2001 ME 49, 767 A.2d 303, ¶ 2. The recreational-user statute in Maine provides that an “ ‘owner * * * of premises does not have a duty of care to keep the premises safe for entry or use * * * or to give warning of any hazardous condition.’ ” Id. at ¶ 6, quoting Me.Rev.Stat.Ann. Title 14, Section 159-A. A complaint alleging negligent “supervision and instruction” on a piece of equipment is not a premises-liability claim. Id. at ¶ 12.
{¶ 28} In Young v. Salt Lake City Corp., a city maintenance vehicle collided with a cyclist on a road that was, on the day of the accident, designated by ordinance for bicycle and pedestrian traffic only. 876 P.2d 376, 377 (Utah 1994). The Utah Supreme Court held that the recreational-user statute applies to premises liability, not to liability for claims of negligence in the operation of a vehicle. Id. at 379.
{¶ 29} Last, in Scott v. Wright, a driver of a tractor lost control, causing injury to a rider who fell off and was pinned under the hay wagon the tractor was pulling. 486 N.W.2d 40, 41 (Iowa 1992). The Iowa Supreme Court held that the *279 duties addressed by the state’s recreational-user statute had “no bearing on the case,” id. at 43, and that the tractor driver’s negligence was outside the scope of the statute, id. at 42.
{¶ 30} The common thread in the cases from our sister courts is that the injuries in those cases resulted from something other than the land. In an attempt to avoid the application of the recreational-user statute in this case, the lead opinion seizes upon the fact that a rock was thrown by a boom mower and claims that Combs’s injury was the result of the mower operator’s negligence. Based on this court’s precedent, however, this fact is of no consequence.
{¶ 31} Combs admits that he was a recreational user and claims that he was injured by a rock. “[Recreational premises include elements such as land, water, trees, grass, and other vegetation.” Miller v. Dayton, 42 Ohio St.3d 113, 114, 537 N.E.2d 1294 (1989). Under R.C. 1533.181(A)(1), “[n]o owner * * * owes any duty to a recreational user to keep the premises safe for entry or use.” (Emphasis added.) If a “recreational user is injured while engaged in recreational pursuit on such land,” the landowner is immune. LiCause v. Canton, 42 Ohio St.3d 109, 537 N.E.2d 1298 (1989), syllabus.
{¶ 32} As we held in Pauley v. Circleville:
[A]n owner cannot be held liable for injuries sustained during recreational use “even if the property owner affirmatively created a dangerous condition.” Erbs v. Cleveland Metroparks Sys., [8th Dist. Cuyahoga No. 53247, 1987 WL 30512 (Dec. 24, 1987),] *2, citing Milliff v. Cleveland Metroparks Sys., 8th Dist. Cuyahoga No. 52315, 1987 WL 11969 (June 4, 1987); see also Phillips v. Ohio Dept. of Natural Resources, 26 Ohio App.3d 77, 79, 498 N.E.2d 230 (10th Dist.1985) (property owner not liable to recreational user for willful and wanton failure to warn of dangerous condition); Press v. Ohio Dept. of Natural Resources, Ct. of Cl. No. [2005-10004-AD], 2006-Ohio-1024, 2006 WL 538106, ¶ 11 (property owner not liable to recreational user for injuries caused by owner’s affirmative creation of a hazard). The determination of whether R.C. 1533.181 applies depends not on the property owner’s actions, but on whether the person using the property qualifies as a recreational user. Estate of Finley v. Cleveland Metroparks, 189 Ohio App.3d 139, 2010-Ohio-4013, 937 N.E.2d 645, ¶ 50 (8th Dist.); Look v. Cleveland Metroparks System, 48 Ohio App.3d 135, 137, 548 N.E.2d 966 (8th Dist.1988).
137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, ¶ 21.
{¶ 33} It is undisputed that Combs was a recreational user. His complaint alleges that the rock that was thrown by the mower was from a layer of rock *280 placed on the waterline to control erosion. The fact that a mower threw the rock does not alter the outcome.
{¶ 34} The recreational-user statute imposes no legal duty on a landowner to keep property “safe for entry or use,” R.C. 1533.181(A)(1), and absent a legal duty, “ ‘no liability can follow,’ ” Pauley at ¶ 21, quoting Collins v. Sabino, 11th Dist. Trumbull No. 96-T-5590, 1997 WL 531246, *4 (Aug. 29, 1997), fn. 5.
{¶ 35} The lead opinion also states that the immunity afforded property owners is not absolute but arises only when the recreational user suffers an injury due to the “condition of the premises.” Lead opinion at ¶ 5. The phrase “condition of the premises” is not found in the recreational-user statute, but our holding in Ryll v. Columbus Fireworks Display Co., Inc., 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372, suggests that the injury suffered by a recreational user must have some nexus with the premises. Therefore, the application of Ryll here is misplaced.
{¶ 36} In Ryll, a spectator attending a fireworks show sponsored by the city of Reynoldsburg was killed when a defective shell exploded. The court of appeals held that Reynoldsburg was immune from liability under the recreational-user statute. We recognized that the recreational-user statute states that a landowner does not have a duty to a recreational user to keep land safe for entry or use. Id. at ¶ 15. We held that the recreational-user statute did not afford Reynoldsburg immunity, because “[t]he cause of the injury * * * was shrapnel from fireworks, which is not part of ‘privately-owned lands, ways, waters, and * * * buildings and structures thereon.’ ”[1] Id., quoting R.C. 1533.18(A).
{¶ 37} Unlike in Ryll, in this case, Combs’s injury was caused by a rock that was part of the land. Therefore, Ryll does not preclude application of the recreational-user statute.
Critics may claim that our decision reaches a harsh result. However, the language of the recreational-user statute is plain: a property owner owes no duty to a recreational user to keep the property safe for entry or use. Creating an exception to this immunity is a policy decision that comes within the purview of the General Assembly, not the courts. The General Assembly understands how to draft laws that contain exceptions, but included no exception that can be applied in this case. And we will not create an exception by judicial fiat. Akron v. Rowland, 67 Ohio St.3d 374, 380, 618 N.E.2d 138 (1993).
*281 Arthur C. Graves Co., L.P.A., and Arthur C. Graves, for appellee.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Eric A. Walker, Assistant Attorney General, for appellant.
Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae, Ohio Association for Justice.
Pauley, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, at ¶ 38.
{¶ 38} Because this court has held that the recreational-user statute, R.C. 1533.181, abrogates the common-law premises-liability doctrine, Fryberger, 40 Ohio St.3d at 351, 533 N.E.2d 738, and Loyer, 38 Ohio St.3d at 68, 526 N.E.2d 300, fn. 3, under the facts presented here, the Court of Claims did not err in granting summary judgment in favor of the Ohio Department of Natural Resources, Division of Parks and Recreation. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and reinstate the order of the Court of Claims. Accordingly, I respectfully dissent.
Lanzinger and French, JJ., concur in the foregoing opinion.

. Although the language quoted in Ryll refers to “privately-owned lands, ways, and waters, and * * * buildings and structures thereon,” R.C. 1533.18(A), this court has held that the recreational-user statute applies to state-owned land as well. McCord, 54 Ohio St.2d at 74, 375 N.E.2d 50.